# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| AFSIN AKER**,** | ) |
| | ) |
| CEVIZLI NEIGHBORHOOD, | ) Civil Action No. 20-1926 |
| GUVENLI STREET, | ) |
| NUMBER:10/A ROOM: 36 | ) |
| MALTEPE  ISTANBU | ) Complaint for Declaratory and |
| TURKEY | ) Injunctive Relief and for Writ of |
| | ) Mandamus |
| | ) |
| PLAINTIFF(S), | ) |
| | ) |
| MUSTAFA DOGAN EKER**,** | ) |
| | ) |
| MEVLANA NEIGHBORHOOD | ) |
| ANAYURT STREET 24/31 | ) |
| TALAS TOWN | ) |
| KAYSERI CITY 38280 | ) |
| TURKEY | ) |
| | ) |
| PLAINTIFF(S), | ) |
| | ) |
| DILARA AYAYDIN**,** | ) |
| | ) |
| 97 RUE DE MEAUX, | ) |
| 74019 PARIS | ) |
| FRANCE | ) |
| | ) |
| PLAINTIFF(S), | ) |
| | ) |
| EMRE TARMAN, | ) |
| | ) |
| FATIH MAHALLESI, | ) |
| MALATYA CADDESI NO:217, | ) |

i

MERKEZ,                                          )
ADIYAMAN 02200                                   )
TURKEY                                           )
                                                 )
PLAINTIFF(S),                                    )
                                                 )
ERDAL TARMAN,                                    )
                                                 )
  TATLISU MAHALLESI,                   )
  CETIN CADDESI ELITE                  )
  LIFE SITESI D BLOK                   )
  DAIRE 20 34774                       )
  ISTANBUL                             )
  TURKEY                               )
                                                 )
PLAINTIFF(S)                                     )
                                                 )
MUSTAFA MADAZLI,                                 )
                                                 )
ALPASLAN MH BAHAR CD,                            )
BAHAR SIT. C BLK. 14/15                          )
MELIKGAZI KAYSERİ                                )
TURKEY                                           )
                                                 )
PLAINTIFF(S)                                     )
                                                 )
UTKIRBEK ABDUMOMINOV                             )
                                                 )
  2022 FAWNS CREEK XING,               )
  MOUNT JULIET                         )
  37122 TN                             )
  USA                                  )
                                                 )
PLAINTIFF(S),                                    )
                                                 )
DANAT SHEKHE , MARINA KARPOVA, )
VIKTORIIA SHEKHE, ANNA SHEKHE,  )

```
                                              )
         3 LYZHNYY PEREULOK,                  )
         APT 344,                             )
         SAINT-PETERSBURG, 197345,            )
         RUSSIA                               )
                                              )
                                              )
PLAINTIFF(S)                                  )
                                              )
HATICE DEMIR, IDRIS DEMIR,                    )
MEHMET ALI DEMIR, SINAN CAN,                  )
DEMIC, ELMAS ZEYNEP DEMIR,                    )
                                              )
         FETIH MAHALLESI SONMEZ               )
         SOKAK IKRA APT. NO 9                 )
         14 KARATAY, KONYA                    )
         TURKEY                               )
                                              )
                                              )
PLAINTIFF(S),                                 )
                                              )
LAILA FAIZI SOHAIL,                           )
HEDAYATULLAH SOHAIL,                          )
                                              )
CAMLICA MAH. BORA,                            )
SOK. NO.4 DAIRE 1                             )
NILUFER BURSA                                 )
TURKEY                                        )
                                              )
                                              )
PLAINTIFF(S),                                 )
                                              )
SAYFIEV ORIFJON                               )
                                              )
QORASUV 2,                                    )
         7 JOMBOY DISTRICT                    )
         SAMARKAND REGION                     )
```

UZBEKISTAN                              )
                                       )
PLAINTIFF(S),                          )
                                       )
MOHAMED MAHMOUD DAHY                   )
MAHMOUD,                               )
                                       )
FLAT 42, BUILDING 77,                  )
GROUP 74, MADINATY ,                   )
FIRST SETTLEMENT, CAIRO                )
EGYPT                                  )
                                       )
PLAINTIFF(S),                          )
                                       )
ZUHAL KAYA,                            )
                                       )
CEVIZLI MAHALLESI,                     )
FATIH CADDESI HUZURLU                  )
SOKAK PALMIYE                          )
APARTMAN NO 4 DAIRE 11                 )
MALTEPE İSTANBUL                       )
TURKEY                                 )
                                       )
PLAINTIFF(S),                          )
                                       )
CELALETTIN CAN CENGIZ,                 )
                                       )
YAVUZ MAH. 100                         )
YIL PARK CAD. ÇAÇAN APT.               )
AĞRI                                   )
TURKEY                                 )
                                       )
                                       )
PLAINTIFF(S),                          )
                                       )
HAYAL YETKIN,                          )
                                       )

UGURMUMCU MAH. AKASYA,                )
SOK. YUNUS EMRE CAD. NO: 20   )
MAVIKENT KONUTLARI                    )
A BLOK DAIRE: 11                      )
KARTAL ISTANBUL                       )
TURKEY                                )
                                      )
PLAINTIFF(S),                         )
                                      )
KUBRA DOGAN, FAITHIGAN DOGAN,   )
                                      )
GUZELYALI DISTRICT,                   )
TEOMAN STREET,                        )
NO:28/1 PENDIK,                       )
ISTANBUL 34903                        )
TURKEY                                )
                                      )
PLAINTIFF(S),                         )
                                      )
PELIN DINCOL,                         )
                                      )
MERDIVENKOY MH.,                      )
KARAMAN SK. NO.10,                    )
D. 14 GOZTEPE                         )
KADIKOY ISTANBUL, 34732               )
TURKEY                                )
                                      )
PLAINTIFF(S),                         )
                                      )
SERVAN YILMAZ,                        )
                                      )
STEFAN STAMBOLOV,                     )
NO :21 APT:8                          )
6600 KARDZHALI                        )
BULGARIA                              )
                                      )
PLAINTIFF(S),                         )

```
                                    )
IBRAHIM ALBATRACK,                  )
                                    )
     MERKEZ MAHALLESI,              )
     PEYMAN SOKAK, NO 7/15,         )
     GAZIOSMAPAŚA                   )
     ISTANBUL 35245                 )
     TURKEY                         )
                                    )
PLAINTIFF(S),                       )
                                    )
OZGE PELIN KUYUMCU,                 )
                                    )
STREET EZGIN , NO: 4/2 FLOOR:2      )
BURSA , HAMIDIYE , SEZGIN           )
MUSTAFAKEMALPASA BURSA              )
TURKEY                              )
                                    )
                                    )
PLAINTIFF(S),                       )
                                    )
EFE ARSLAN,                         )
                                    )
STREETN6/9                          )
DIKMEN CADDESI HARBIYE              )
MAHALLESI VEZNEDAR SOKAK            )
6/9 ANKARA /URKIYE, DIKMEN          )
AVENUE VEZNEDAR                     )
ANKARA                              )
TURKEY                              )
                                    )
                                    )
PLAINTIFF(S),                       )
                                    )
PELIN KOROGLU,                      )
                                    )
ESENTEPE NEIGHBORHOOD,              )
```

CENGAVER STREET, NO:9/3                          )
YENIMAHALLE                                      )
ANKARA 06170                                     )
TURKEY                                           )
                                                 )
PLAINTIFF(S),                                    )
                                                 )
BURCIN DURSUN, CEM DURSUN,                       )
ELA DURSUN, OZAN BATUR DURSUN                    )
                                                 )
CUKURAMBAR MAHALLESI,                            )
OGRETMENLER CADDESI                              )
MENEKSE SITESI 23/10                             )
CANKAYA ANKARA 06510                             )
TURKEY                                           )
                                                 )
PLAINTIFF(S),                                    )
                                                 )
ELENA NOVOSPASSKAIA,                             )
                                                 )
    JOHN REED 12,                           )
    STREET 118                              )
    CITY OF ST. PETERSBURG                  )
    RUSSIA                                  )
                                                 )
PLAINTIFF(S),                                    )
                                                 )
METIN ALADAG, OKSANA ALADAG,                     )
ROJDA GULDEN ALADAG,                             )
DENIZ ALADAG,                                    )
                                                 )
    ZUMRUTEVLER MAH. SEHER,                 )
    SOK. NO 45-3,                           )
    MALTEPE ISTANBUL 34852                  )
    TURKEY                                  )
                                                 )
PLAINTIFF(S),                                    )

```
                                              )
NIKITA GALIMZYANOV, VLADA                     )
CHERNADCHUK,                                  )
                                              )
        18 SOLNECHNYJ,                        )
        GOROD KVARTAL, APT. 11,               )
        MIRNOE,                               )
        HABAROVSKIJ KRAJ 680539,              )
        RUSSIA                                )
                                              )
PLAINTIFF(S),                                 )
                                              )
AYSIN GUNAY,                                  )
                                              )
        ISKELE MAH BARIS CAD NO 7A,           )
        IC KAPI NO 1,                         )
        MUGLA, DATCA, 48900,                  )
        TURKEY                                )
                                              )
PLAINTIFF(S)                                  )
                                              )
ADIL UGUR TUNCER, GAMZE                       )
TUNCER, ARDA TUNCER,                          )
                                              )
        FULA MAH. HÜSEYIN CAHIT               )
        YALCIN SOK.B AYIRBASI                 )
        APT. A BLOK NO:18 DAIRE : 21          )
        SISLI/ISTANBUL 34394                  )
        TURKEY                                )
                                              )
PLAINTIFF(S)                                  )
                                              )
GOZDE GEDIK YURDUM, HASAN                     )
BERK YURDUM,                                  )
                                              )
        ULUS DISTRICT,                        )
        OZTOPUZ AVENUE                        )
```

TEKERLER STREET NO:5/3　　　)
BESIKTAS, ISTANBUL 34340　　)
TURKEY　　　　　　　　　　)
　　　　　　　　　　　　　　)
PLAINTIFF(S),　　　　　　　　)
　　　　　　　　　　　　　　)
DOGUKAN ORUC,　　　　　　)
　　　　　　　　　　　　　　)
199 SOKAK NO:2 KAT:2 DAIRE:16 )
KAZIM DIRIK MAHALLESI　　)
FATIH SULTAN　　　　　　　)
MEHMET CADDESI　　　　　)
BORNOVA IZMIR 35100　　　)
TURKEY　　　　　　　　　　)
　　　　　　　　　　　　　　)
PLAINTIFF(S),　　　　　　　　)
　　　　　　　　　　　　　　)
BERKAY AYNAGOZ,　　　　　)
　　　　　　　　　　　　　　)
4 ÇARŞI STREET,　　　　　　)
APT/1,　　　　　　　　　　　)
KOCAELİ KANDIRA 41600　　)
TURKEY　　　　　　　　　　)
　　　　　　　　　　　　　　)
PLAINTIFF(S),　　　　　　　　)
　　　　　　　　　　　　　　)
HUSEYIN KUS, YASMIN HASSAN　)
ABDELMONEAM ELGAMAL,　　)
ZEINA MAMDOUH MAHMOUD　)
 ELAZAB ELKHOULI,　　　　　)
　　　　　　　　　　　　　　)
ESENTEPE MAH,　　　　　　)
SECKIN SITESI 12.BLOK,　　　)
4.DAIRE İNEGÖL,　　　　　　)
BURSA　　　　　　　　　　　)
TURKEY　　　　　　　　　　)
　　　　　　　　　　　　　　)

PLAINTIFF(S),                        )
                                     )
ALI KADAYIFCI,                       )
                                     )
8-1 PULKOVSKAYA STREET,              )
        APT 169                      )
SAINT PETERSBURG 196158              )
        RUSSIA                       )
                                     )
PLAINTIFF(S),                        )
                                     )
OZAN GOZUBUYUK,                      )
                                     )
MEHMET AKIF MAH,                     )
OSMANGAZI CAD. NO:29, D:9            )
UMRANIYE ISTANBUL 34774              )
TURKEY                               )
                                     )
PLAINTIFF(S),                        )
                                     )
CEVDET AYDIN SUN,                    )
                                     )
        176 SOKAK NO 2 DAIRE 4,      )
        KUCUKYALI IZMIR              )
        TURKEY                       )
                                     )
PLAINTIFF(S),                        )
                                     )
OZGUR DINC, BAHAR YALÇIN DİNÇ,       )
BAŞAK NAZ KOÇYİĞİT,                  )
BERRAK SU KOÇYİĞİT,                  )
                                     )
        BARIŞ MAHALLESI,             )
        EGEMENLIK CADDESI TÜZE       )
        SITESI 3 C BLOK KAT:1 NO: 5  )
        BEYLIKDÜZÜ, 34540            )
        TURKEY                       )

x

)
PLAINTIFF(S)                              )
                                          )
BAKARYUKIN VIACHESLAV,                    )
SVETLANA VIACHESLAV,                      )
                                          )
    AICHINGHAI HOUSE,               )
    B. 13, UNIT 1, ROOM 1704,       )
    COUNTRY GARDEN                  )
    SILVER BEACH,                   )
    GUANGDONG PROVINCE,             )
    HUIZHOU CITY,                   )
    CHINA                           )
                                          )
PLAINTIFF(S),                             )
                                          )
HASSAN KHADER NASSAR,                     )
                                          )
    KUWAIT HAWALLY BLOCK 7,         )
    KUWAIT HAWALLY                  )
    KUWAIT                          )
                                          )
                                          )
PLAINTIFF(S),                             )
                                          )
ELKHOULI MAMDOUH,                         )
                                          )
31 PARKVIEW, RIVER ROAD,                  )
RATHBORNE, DUBLIN 15                      )
DUBLIN                                    )
IRELAND                                   )
                                          )
PLAINTIFF(S),                             )
                                          )
OLGA KORMILINA,                           )
                                          )
    AVIAKONSTRUKTORA                )

PETLYAKOVA 29, APT 54,                      )
MOSCOW 108850                               )
RUSSIA                                      )
                                            )
PLAINTIFF(S),                               )
                                            )
AHMED ESSAM ABD ELAZIEZ                     )
MAHMOUD YOUSSEF,                            )
                                            )
ELMASGD STREET MANSHA,                      )
ALGADIDA ELBEDA,                            )
KAFR ELDAWAR                                )
ELBAHERA 22624                              )
EGYPT                                       )
                                            )
PLAINTIFF(S),                               )
                                            )
JOSEPH YOUSSEF,                             )
                                            )
EL MINYA,                                   )
GOVERNORATE,                                )
EGYPT                                       )
                                            )
PLAINTIFF(S),                               )
                                            )
AHMED AGLAN, MAHA SAMY                      )
ALI ABDULHAMID, YOUSEF AHMED                )
MOHAMED KHALIFA AGLAN, NOUR                 )
AHMED MOHAMED KHALIFA AGLAN,                )
                                            )
61 ABDULLAH AL                             )
HAMATHANI STREET,                           )
ALMALAZ, RIYADH, 12836,                     )
SAUDI ARABIA                               )
                                            )
PLAINTIFF(S),                               )
                                            )

SULIMAN SHAATH,                              )
                                            )
UMM AL HAMMAM ALSHARQI                       )
BILDING 4 ALABALA ST.                        )
RIYADH CITY                                  )
SAUDI ARABIA                                 )
                                            )
PLAINTIFF(S),                                )
                                            )
EVGENIA GAVRILOVA,                           )
                                            )
        ARGAYASH DOROZNYJ PER 27,            )
        CHELYABINSK REGION,                  )
        RUSSIA,                              )
                                            )
PLAINTIFF(S),                                )
                                            )
NAIRA OGANISYAN,                             )
                                            )
        CALLE FELIP II, 50 AT 2,             )
        BADALONA, BARCELONA 08917            )
        SPAIN                                )
                                            )
PLAINTIFF(S),                                )
                                            )
NORA ABDELKHALEK ABDELSALAM                  )
ABDELSALAM, HANY ABDELGHANI                  )
AHMED ABDELGHANI, JELAN HANY                 )
ABDELGHANI AHMED ABDELGHANI,                 )
MARIAM HANY ABDELGHANI                       )
AHMED ABDELGHANI, KAREEM                     )
HANY ABDELGHANI AHMED                        )
ABDELGHANI,                                  )
                                            )
BUILDING 8493, IBRAHIM AL                    )
QURTUBI STREET,                              )
AL WIZARAT DISTRICT,                         )

RIYADH, RIYADH,                        )
 SAUDI ARABIA.                         )
                                       )
                                       )
PLAINTIFF(S),                          )
                                       )
ALI OZKILIC, SERDEST HEVAL            )
OZKILIC, SERDAR ARAM OZKILIC,         )
                                       )
MEZOPOTAYA MH.                         )
FIRAT BULVARI. OZAY YAPI              )
SITESI. D. BLOK. KAT:3.NO:15.         )
KAYAPINAR DIYARBAKIR,                 )
TURKEY                                 )
                                       )
PLAINTIFF(S),                          )
                                       )
TUNCAY BAHRI OZTURK,                  )
                                       )
GUZELTEPE MH. UCEVLER                 )
USTU CD. NO:37/1                      )
EYUPSULTAN                            )
ISTANBUL 34060                        )
TURKEY                                 )
                                       )
PLAINTIFF(S),                          )
                                       )
SHROUK MOHAMED IBRAHIM                )
ABDELHAMID IBRAHIM, AYMAN             )
AHMED MOHAMED MASOUD, MAYA            )
AYMAN AHMED MOHAMED                   )
MASOUD,                                )
                                       )
        223 ELBANAFSG BUILDINGS,       )
        NEW CAIRO, CAIRO               )
        EGYPT                          )
                                       )

PLAINTIFF(S),                                          )
                                                       )
ESAT UNAL, GULCIN BIR UNAL,                            )
DENIZ UNAL                                             )
                                                       )
     PROF HIFZI OZCAN CD                              )
     KARDELEN SITESI B / 21 K.                        )
     BAKKALKOY MAH,                                   )
     ATASEHIR ISTANBUL 34752                          )
     TURKEY                                           )
                                                       )
PLAINTIFF(S),                                          )
                                                       )
KATSIARYNA LASHHEUSKAYA,                               )
YAUHENI LASHCHEUSKI, MILANA                            )
LASHCHEUSKI,                                           )
                                                       )
     60 LOBANK ST,                                    )
     APT 25,                                          )
     MINSK 220136                                     )
     BELARUS,                                         )
                                                       )
PLAINTIFF(S),                                          )
                                                       )
PLAINTIFF(S),                                          )
                                                       )
ANDREW SAVENKOV,                                       )
                                                       )
     23 CHERTANOVSKAYA STR.,                          )
     BLD. 2., APT. 41,                                )
     MOSCOW 117525                                    )
     RUSSIAN FEDERATION                               )
                                                       )
PLAINTIFF(S),                                          )
                                                       )
YULIYA KUZNETSOVA, SERGEY                              )
KUZNETSOVA, NIKITA                                     )

KUZNETSOVA, BOGDAN                        )
KUZNETSOVA, EGOR KUZNETSOVA,             )
                                          )
    DOM 26A, KV 81.                   )
    MICRO DISTRICT 1.                 )
    ALMATY,                           )
    KAZAKHSTAN                        )
                                          )
PLAINTIFF(S),                             )
                                          )
MARINA DUBOVA,                            )
                                          )
    ADMIRALA MAKAROVA ST. 5-1, )
    APP, 125,                         )
    NIZHNY NOVGOROD 603132            )
    RUSSIAN FEDERATION                )
                                          )
PLAINTIFF(S),                             )
                                          )
YAUHEN PALEI, ALIAKSANDRA                 )
PALEI,                                    )
                                          )
50 LET POBEDY STR, APT. 69                )
220056 5/1                                )
POLAND                                    )
                                          )
PLAINTIFF(S),                             )
                                          )
EMRE DURMAZ, ELIF DURMAZ,                 )
SIMAY DURMAZ,                             )
                                          )
    CUMHURIYET MAHALLESI              )
    NECMETTIN KIRBAS SOK.             )
    NO: 29 KAT 3 D:7                  )
    IZMIT-KOCAEL                      )
    TURKEY                            )
                                          )

PLAINTIFF(S),                              )
                                           )
EREN DEYIS,                                )
                                           )
  HACILAR REGION INCEK LOFT      )
  RECIDENCES B2 BLOCK NO:4        )
  06830 GOLBASI/ANKARA            )
  TURKEY                          )
                                           )
PLAINTIFF(S),                              )
                                           )
ESRA PAKER, ANIL PAKER,                    )
                                           )
  KARAMAN NEIGHBORHOOD            )
  1717/1 STREET FLOOR :4          )
  DENIZLI                         )
  TURKEY                          )
                                           )
PLAINTIFF(S),                              )
                                           )
ISKANDAROVA NARZISAHKON                    )
NUMONOVA ISKANDAROV                        )
AKMALKHOJA, AKMAL                          )
ISKANDAROV, ANISA ISKANDAROV,              )
ANVAR ISMANDARIV, DAMIR                    )
ISKANDAROV,                                )
                                           )
BOBOKALONOV STREET 132,                    )
GOZYON VILLAGE, PULOT,                     )
BOBOJON GAFUROV DISTRICT                   )
REPUBLIC OF TAJIKASTAN                     )
                                           )
PLAINTIFF(S),                              )
                                           )
GOKMEN MAYA, BURCIN MAYA,                  )
DEFNE MAYA,                                )
                                           )

ISMETPASA MAH. SEVREN                    )
SOK. NO:4-12                             )
MERKEZ YALOVA 77100                      )
TURKEY                                   )
                                         )
PLAINTIFF(S),                            )
                                         )
GENCAY ERTUNK,                           )
                                         )
IDEALTEPE MAH. RIFKI                     )
TONGSIR CAD. NO:11/ B6 34841             )
MALTEPE – ISTANBUL                       )
TURKEY                                   )
                                         )
PLAINTIFF(S),                            )
                                         )
SEVİL KOÇ, GÜRHAN KOÇ,                   )
YAĞIZHAN KOÇ,                            )
                                         )
 GAZANFER BİLGE CAD.                     )
ERENLER CEDİT KENT                       )
KONUTLARI B/4D:1                         )
İZMİT/KOCAELİ 41300                      )
TURKEY                                   )
                                         )
                                         )
PLAINTIFF(S),                            )
                                         )
NIYAZ BÜYÜKGÖKMEN, CEMAL                 )
BÜYÜKGÖKMEN,                             )
                                         )
YILDIZ MAH. 243 SOK. ALTINAY )
APT. NO:13/5                             )
MURATPAŞA ANTALYA                        )
TURKEY                                   )
                                         )
PLAINTIFF(S),                            )

YULIYA HIL, MAKSIM INDZIUKOU,    )
)
   3 MYASTROVSKAYA STREET    )
   APT. 56,    )
   REPUBLIC OF BELARUS    )
)
PLAINTIFF(S),    )
)
FATIMA AYKUT, ÖZKAN AYKUT,    )
ELIF ECE AYKUT,    )
)
   ORHANTEPE MAH BANKALAR    )
   CAD BAYRAKTAR    )
   APT NO 35 D 4    )
   KARTAL İSTANBUL 4865    )
   TURKEY    )
)
)
PLAINTIFF(S),    )
)
ECEMNAZ ALCIN SASMAZ, TAHA    )
YASIN SASMAZ,    )
)
   YILDIRIM MAHALLESI    )
   CANDARLI SOKAK NO:7/5    )
   BAYRAMPASA, ISTANBUL 34045 )
   TURKEY    )
)
PLAINTIFF(S),    )
)
VOLHA AMELCHANKA, ULADZIMIR    )
AMELCHANKA, ANASTASIA    )
AMELCHANKA, KATSIARINA    )
AMELCHANKA,    )
)
   DOLGOBRODSKAYA STREET 7/3 )

APARTMENT 23.                          )
MINSK CITY,                            )
REPUBLIC OF BELARUS,                   )
                                       )
PLAINTIFF(S),                          )
                                       )
OYTUN LACIN, SELIN LACIN,              )
                                       )
MADEN NEIGHBORHOOD                     )
YUNUS EMRE STREET,                     )
NUMBER 37/2                            )
SARIYER / İSTANBUL 34450               )
TURKEY                                 )
                                       )
PLAINTIFF(S),                          )
                                       )
VALERIYA NOGAYTSEVA,                   )
                                       )
DZERGINSKOGO ST., B.164,               )
APARTMENT 44.                          )
NOVOROSSIYSK,                          )
KRASNODARSKIY                          )
RUSSIA,                                )
                                       )
                                       )
PLAINTIFF(S),                          )
                                       )
OLEG KAMANEV, VIKTORIIA                )
GROZEVA, VERONIKA KAMENEVA,            )
ROMAN GROZEV                           )
                                       )
811, BAY DRIVE 900,                    )
MIAMI BEACH                            )
FLORIDA 33141                          )
UNITED STATES                          )
PLAINTIFF(S),                          )
                                       )
VALERY PADLIPSKI, VOLHA                )

PADLIPSKAYA, TATSIANA                    )
PADLIPSKAYA,NATALLIA                     )
PADLIPSKAYA,                             )
                                         )
     M.D. 16, HOUSE 25, APR. 117,   )
     ZHLOBIN GOMEL                   )
     REPUBLIC OF BELARUS             )

PLAINTIFF(S),                            )
                                         )
NESLIHAN BENAN YUKSEL,                   )
OMAYKAN YUKSEL,                          )
                                         )
     BARBAROS MAH.                   )
     TOPHANELİOĞLU CAD.              )
     D BLOK NO: 60D İÇ KAPI NO: 17   )
     ÜSKÜDAR / İSTANBUL              )
     TURKEY                          )
                                         )
PLAINTIFF(S),                            )
                                         )
TATYANA KRASHEVSKAYA,                    )
ALEXANDER KRASHEVSK, NIKITA              )
KRASHEVSKY,                              )
                                         )
     VANKOVICHA ST. 53-6,            )
     220076 MINSK                    )
     BELARUS                         )
                                         )
PLAINTIFF(S),                            )
                                         )
YEVGENIY PANKEVICH,                      )
                                         )
  16 ORBIT 3 APT 130,                )
  ALMATY CITY                        )
  REPUBLIC OF KAZAKHSTAN             )
                                         )
                                         )
     V.                             )
                                         )

```
_____ )
                                      )
DONALD J. TRUMP, President            )
of the United States of America,      )
1600 Pennsylvania Avenue, NW          )
Washington, D.C. 20500;               )
                                      )
MICHAEL R. POMPEO, Secretary          )
of the U.S. Department of State,      )
 c/o The Executive Office, Office of  )
the Legal Advisor, Suite 5.600, 600 19th St., )
NW, Washington, D.C. 20522            )
                                      )
            Defendants.               )
_____ )
```

## TABLE OF CONTENTS

 INTRODUCTION…………………………………………………………………1

THE PARTIES………………………………………………………………..8

JURISDICTION AND VENUE………………………………………………..98

OVERVIEW OF THE LAW……………………………………………………...99

FACTUAL ALLEGATIONS……………………………………………………103

CAUSES OF ACTION………………………………………………………...113

RESERVATION OF RIGHTS………………………………………………..123

REQUEST FOR RELIEF……………………………………………………...124

CERTIFICATE OF SERVICE………………………………………………...127

"This is America. . . a brilliant diversity spread like stars, like a thousand points of light in a broad and peaceful sky." President George H. W. Bush[1]

"Why are we having all these people from s***hole countries come here?" President Donald J. Trump[2]

## INTRODUCTION

1. On March 13, 2020, in response to the Coronavirus ("COVID-19") pandemic, President Donald J. Trump ("President Trump") declared a general "national emergency".

2. On April 22, 2020, President Trump issued a proclamation ("PP 10014") suspending all entries to any "alien" without an immigrant visa valid on April 22, 2020, citing "impact" (without saying what the impact was) on immigration to the U.S. labor market.[3]

3. The Proclamation supposedly accounted for exceptions for immigrant visa holders that are physicians, nurses, or other healthcare professionals and for "any alien whose entry would be in the national interest, as determined by

---

[1] Associated Press, LA TIMES, December 1, 2018, https://www.latimes.com/politics/la-na-pol-bush-quotes-20181130-htmlstory.html (Last Accessed July 16, 2020).
[2] Josh Dawsey, WASHINGTON POST, January 12, 2018, https://www.washingtonpost.com/politics/trump-attacks-protections-for-immigrants-from-shithole-countries-in-oval-office-meeting/2018/01/11/bfc0725c-f711-11e7-91af-31ac729add94_story.html (Last Accessed July 16, 2020).
[3] WHITE HOUSE, *Proclamation Suspending Entry of Immigrants Who Present Risk to the U.S. Labor Market During the Economic Recovery Following the COVID-19 Outbreak*, April 22, 2020  https://www.whitehouse.gov/presidential-actions/proclamation-suspending-entry-immigrants-present-risk-u-s-labor-market-economic-recovery-following-covid-19-outbreak/ (Last Accessed July 16, 2020).

the Secretary of State, the Secretary of Homeland Security, or their

respective designees.  No policies, instructions or directions for such

exceptions were ever published

4. Plaintiffs here are 149 Diversity Visa program selectees and their derivative

beneficiaries from 14 different countries and their derivative beneficiaries,

who live outside of the United States. Contrary to Defendant President

Trumps opinion of Diversity Visa winners, these individuals include

successful business people who intend to create jobs for American workers

in the United States, healthcare professionals who could help fight the hold

that the Coronavirus Pandemic has on our country, engineers, academics,

and more and they are spouses and children who too hope to come to

America to live, learn, grow, and share with us in the dream that this country

gives to all who find themselves fortunate enough to live here.

5. Individuals to whom the Proclamation applied  included pending Diversity

Visa applicants at various stages of the application process as well as

individuals whose visas had already been approved and issued, but which

have expired without admission to the United States due travel restrictions

put into place because of the pandemic. These include (1) Diversity

Visa recipients who have confirmed their qualifications, submitted their

Immigrant Visa and Alien Registration Application and supporting

documents, and are awaiting interviews; (2) Diversity Visa recipients who have been interviewed and are waiting for a decision; and (3) Diversity Visa recipients who have passed their interviews, had visas issued, and need only arrive in America during the time allotted on their approved visas (usually six months).[4]

6. The April 22, 2020 proclamation was set to expire on June 23, 2020, unless extended by President Trump, rendering the proclamation amorphous and potentially unending in its expiry date due to the ongoing pandemic.  At least one lawsuit related to Diversity lottery winners was filed over this proclamation but was dismissed because the proclamation was time limited and would expire prior to the time that the Diversity lottery winners had to be adjudicated and enter the United States (September 30, 2020).

7. On June 22, 2020, President Trump issued a new proclamation extending PP 10014 through December 31, 2020.[5]

8. The new proclamation extended the initial bans in the April proclamation until December 31, 2020. Like the April 22, 2020 proclamation, the June 22,

---

[4] U.S. DEPARTMENT OF STATE, *Diversity Visa Program*, https://travel.state.gov/content/travel/en/us-visas/immigrate/Diversity-visa-program-entry/Diversity-visa-interview/Diversity-visa-after-the-interview.html#:~:text=A%20Diversity%20visa%20is%20usually,for%20less%20than%20six%20months. (Last Accessed July 16, 2020).

[5] WHITE HOUSE, *Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market Following the Coronavirus Outbreak*, June 22, 2020, https://www.whitehouse.gov/presidential-actions/proclamation-suspending-entry-aliens-present-risk-u-s-labor-market-following-coronavirus-outbreak/ (Last Accessed July 16, 2020).

2020 proclamation extension has particularly harsh effects on Diversity Visa selectees.

9.  The United States issues approximately 1.1 million new green cards each fiscal year. It is estimated that of those included in this number and  affected by President Trumps proclamations are more than 44,000 Diversity selectees.

10. Diversity Visa selectees are now racing against the clock to obtain their visas prior to the end of the 2020 Fiscal Year on September 30, 2020. Without judicial intervention, those who have not already entered the United States will not be able to pursue the Diversity Visa any further, nor pick up where they left off in the following Fiscal Year.

11. For Diversity Visa recipients, the harm caused by Trump's proclamations  is immediate and particularly severe. Due to this extension, Diversity Visa recipients will, absolutely and irrevocably, lose their ability to immigrate to the United States, and specific and very difficult hardships on families and employers will result.  Many of these Diversity Visa selectees and especially those who have actual visas, or have been interviewed, or were awaiting a scheduled interview had made substantial plans and had detrimentally relied on the actions of the US government prior to this Immigration Ban.

12. Some Diversity Visa selectees can Adjust Status through the Diversity Visa program (meaning they were previously lawfully admitted into the United States and have not accrued unlawful presence). The Proclamation does not apply to these selectees, as they are already located within the United States. The Proclamation does however apply to the vast majority of Diversity Visa selectees who are consular processing from abroad, meaning that they must obtain their visa stamps from a U.S. Embassy or Consulate, governed by the U.S. Department of State.

13. In a FAQ released by the Department of State, the Department acknowledged the potential for President Trumps proclamation to be extended indefinitely. It states that "[t]he [Diversity Visa] Program has multiple stages. [Diversity Visa]-2021 applicants won't be interviewed until FY 2021. However, the suspension does apply to [Diversity applicants], with certain exceptions. The Proclamation will expire on December 31 *unless extended*." (emphasis added).



14. A Notice on the Department of State website states that individuals who were issued visas for the Diversity Visa-2020 Program that was valid effective April 23, 2020, but which expired due to an inability to travel, should contact the Embassy or Consulate where your visa was issued for further information.[6] No solutions are offered, and when recipients contacted their assigned Embassy or Consulate regarding their visas, they are generally told that their Embassy or Consulate is closed until further notice, with no estimated time of reopening, or, worse, that no visa would be reissued to them.

15. The Department of State (and federal immigration law) states that all Diversity Visa-2020 entrants who were selected must be found eligible for, and obtain, their visa by September 30, 2020.[7]  However, because of the proclamation, tens of thousands of Diversity Visa selectees are now unable to get their interviews, and it appears clear that such individuals will lose eligibility if the ban is not lifted (and subsequent visa processing is completed) prior to September 30, 2020.

16. The Department of State has arbitrarily and capriciously taken the proclamation's suspension of *entry* as a suspension on the visa issuance,

---

[6] U.S. DEPARTMENT OF STATE, *Diversity Visa Instructions*, https://travel.state.gov/content/travel/en/us-visas/immigrate/Diversity-visa-program-entry/Diversity-visa-instructions.html (Last Accessed July 16, 2020).
[7] *Id.*

reissuance, and adjudication of Diversity Visa-2020 cases. Specifically, the Department of State has refused to reissue visas that have expired due the inability to travel to the U.S. during the Coronavirus pandemic, suspended processing of applications for Diversity Visa Applicant selectees, cancelled and/or suspended interviews at U.S. Embassies and Consulates, and has suspended final adjudications pre- and post-interview.  This, despite the fact that the consulates remain staffed and clearly operating, given their statements that they can be contacted for undetermined emergency processing cases.

17. The proclamation, though potentially endless, is currently slated to expire on December 31, 2020—a duration four months longer than the predecessor proclamation.

18. Because the fiscal year expires September 30, 2020, the remainder of the Diversity Visa program for Fiscal Year (FY) 2020 will be eliminated.

19. The inability to immigrate to the United States for the Diversity Visa-2020 entrants has caused enormous hardship. Fees for visas will be lost and medical examinations for green cards will expire. Many applicants have quit their jobs and sold their homes due to their reliance on the ability to migrate to the United States through the Diversity Visa Program. Tens of thousands of  applicants, including all 75 Plaintiffs, will be denied their

opportunity to immigrate based solely on the fact that President Trump

proclamation bars them from entering the country or because their visas

expired prior to their ability to obtain transportation to the United States

because of travel bans (some of which have now been lifted).

## THE PARTIES

20. Plaintiffs **Afsin Aker, Mustafa Dogan Eker, Dilara Ayaydin, Emre Akin,**

**Erdal Tarman, Mustafa Madazli**, and **Utkirbek Abdumominov** are

Diversity Visa recipients and their derivative beneficiaries who have

received their visas, but have been unable to enter in the United States

within the time allotted on the visa due to President Trump's

proclamation. Many of them have sold their homes, left their jobs, and are

accruing devastating financial losses due to their inability to complete their

immigration process caused by the presidential proclamation.

21. Plaintiffs **Danat Shekhe, Hatice Demir, Laila Faizi Sohail, Sayfiev**

**Orifjon, Mohamed Mahmoud Dahy Mahmoud, Suliman Shaath, Nora**

**Abdelkhalek Abdelsalam Abdelsalam, Ali Ozkilic, Fatima Aykut, Oleg**

**Kamanev, and Andrew Savenkov** are Diversity Visa recipients and their

derivative beneficiaries who have had their interviews at the Consulates

or Embassies, but who have yet to receive their visas due to President

Trump's proclamation. Many of them have sold their homes to pay for filing

fees, left or lost their jobs because of their intention to immigrate, and are accruing devastating emotional, personal and financial losses due to their inability to complete their immigration process caused by the presidential proclamation.

22. Plaintiffs **Zuhal Kaya, Celalettin Can Cengiz, Hayal Yetkin Sale, Kubra Dogan, Pelin Dincol, Sercan Yilmaz, Ibrahim Albatrak, Ozge Pelin Kuyumcu, Efe Arslan, Pelin Koroglu, Burcin Dursun, Elena Novospasskaia, Metin Aladag, Nikita  Galimzyanov, Aysin Gunay, Adil Ugur Tuncer, Gözde Gedik Yurdum, Dogukan Oruc, Berkay Aynagoz, Huseyin Kus, Ali Kadayifci, Ozan Gözübüyük, Cevdet Aydin Sun , Ozgur Dinc, Bakaryukin Viacheslav, Hassan Khader Nassar, Elkhouli Mamdouh, Olga Kormilina, Ahmed Essam Abd Elaziez Mahmoud Youssef, Joseph Youssef, Ahmed Aglan, Evgenia Gavrilova, Naira Oganisyan, Tuncay Bahri Ozturk, Shrouk Mohamed Ibrahim Abdelhamid Ibrahim, Esat Unal, Katsiaryna Lashheuskaya, Marina Dubova, Yauhen Palei, Emre Durmaz, Eren Deyis, Esra Paker, Iskandarova Narzisahkon Numonova, Iskandarov Akmalkhoja, Gokmen Maya, Sevil Koç, Niyaz Büyükgökmen, Yuliya Hil, Ecemnaz Alcin Sasmaz, Volha Amelchanka, Valeriya Nogaytseva, Yuliya Kuznetsova, Gencay Ertunk, Oytun Lacin, Valery Padlipski, Neslihan**

**Benan Yuksel , Tatyana Krashevskaya, Yevgeniy Pankevich** are Diversity Visa applicants and their derivative beneficiaries who have submitted the required visa documentation and were advised of their interview dates, and began to make plans to immigrate to the United States, that were subsequently cancelled as a result of President Trump's proclamation.

## PLAINTIFFS

### Plaintiff Afsin Aker

23. Plaintiff Afsin Aker is a citizen of Turkey and a DV-2020 selectee

24. Plaintiff Afsin Aker was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

25. The KCC assigned him the case number DV2020EU00002767

26. Plaintiff Afsin Aker submitted all required documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

27. On November 25, 2019  Plaintiff Afsin Aker received his American Visa with the expiration date of May 5th, 2020.

28. Plaintiff Afsin Aker, in preparation for his immigration to the U.S., left his company, sold his car, and canceled his lease.

29. On April 26th, 2020,  Plaintiff Afsin Aker's flight from Istanbul to the United States was cancelled due to the COVID-19 Pandemic outside of his control.

30. Plaintiff Afsin Aker made numerous attempts to contact the U.S. Embassy before his Visa expired and only received automatic replies from the closed embassies.

31. Plaintiff Afsin Aker, was denied entry due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Mustafa Dogan Eker**

32. Plaintiff Mustafa Dogan Eker is a citizen of Turkey and a DV-2020 selectee.

33. Plaintiff Mustafa Dogan Eker was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

34. The KCC assigned him the case number 2020EU00009478.

35. Plaintiff Mustafa Dogan Eker submitted all the requested documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

36. Plaintiff Mustafa Dogan Eker received his visa in his passport several days later.

37. Plaintiff Mustafa Dogan Eker would be denied entry due to the Proclamation that affected the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Dilara Ayadin**

38. Plaintiff Dilara Ayadin is a Turkish national currently living in Paris France and a DV-2020 selectee

39. Plaintiff Dilara Ayadin was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

40. The KCC assigned her the case number 2020EU00006631.

41. Plaintiff Dilara Ayadin completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

42. On January 8th, 2020, Plaintiff Dilara Ayadin attended her interview at the U.S. Embassy in Paris

43. On January 14th, 2020, Plaintiff Dilara Ayadin received her approved visa.

44. On April 22nd, 2020, Plaintiff Dilara Ayadin was denied entry due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

45. On June 10th, 2020, Plaintiff Dilara Ayadin's visa expired.

**Plaintiff Emre Akin**

46. Plaintiff Emre Akin is a citizen of Turkey and a DV-2020 selectee.

47. Plaintiff Emre Akin was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

48. The KCC assigned him the case number 2020EU00002393.

49. Plaintiff Emre Akin completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

50. Plaintiff Emre Akin attended his interview in November 2019.

51. In March 2020, Plaintiff Emre Akin received his Visa for entry to the U.S..

52. On April 22nd, 2020, Plaintiff Emre Akin was denied entry due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

53. On May 1st, 2020, Plaintiff Emre Akin's visa expired.

**Plaintiff Erdal Tarman**

54. Plaintiff Erdal Tarman is a citizen of Turkey and a DV-2020 selectee.

55. Plaintiff Erdal Tarman was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

56. The KCC assigned him the case number DV2020EU00001598.

57. Plaintiff Erdal Tarman completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

58. On October 3rd, 2019, Plaintiff Erdal Tarman was issued his Visa for entry to the U.S.

59. Plaintiff Erdal Tarman, sold his belongings to prepare to immigrate to the United States.

60. Plaintiff Erdal Tarman's flights to the U.S. were cancelled due to the COVID-19 pandemic outside his control

61. Plaintiff Erdal Tarman attempted to contact the US embassy before his visa expired and only received automatic replies from the closed embassies.

62. On April 1st 2020, Plaintiff Erdal Tarman's visa expired.

63. On April 22nd, 2020, Plaintiff Erdal Tarman's adjudication of his visa ended due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Mustafa Madazli**

64. Plaintiff Mustafa Madazli is a citizen of Turkey and a DV-2020 selectee.

65. Plaintiff Mustafa Madazli was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

66. The KCC assigned him the case number 2020EU00004359.

67. Plaintiff Mustafa Madazli completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

68. On Novemeber 1st, 2019, Plaintiff Mustafa Madazli received his Visa for entry into the U.S.

69. Plaintiff Mustafa Madazli left his job and sold his belongings to move to the United States.

70. Plaintiff Mustafa Madazli obtained an engineering job in New York.

71. Plaintiff Mustafa Madazli's flight to the U.S. were cancelled due to the COVID-19 pandemic outside his control.

72. Plaintiff Mustafa Madazli attempted to contact the US embassy before his visa expired and only received automatic replies from the closed embassies.

73. On April 22nd, 2020, Plaintiff Mustafa Madazli's entry was denied due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

74. Plaintiff Mustafa Madazli has been unemployed since March.

**Plaintiff Utkirbek Abdumominov and his family**

75. Plaintiff Utkirbek Abdumominov is a citizen of Kyrgyzstan who is currently residing in Tennessee USA. He was a DV-2020 selectee.

76. KCC assigned him and his family the case number 2020EU00002882.

77. Plaintiff Utkirbek Abdumominov received a visa from the U.S. Embassy for himself and his family under his application.

78. In January 2020, Plaintiff Utkirbek Abdumominov came to the United States ahead of his family in order to get things ready for their arrival.

79. In March 2020, Plaintiff Utkirbek Abdumominov's flights for his family were cancelled due to the COVID-19 pandemic.

80. On April 22nd, 2020, the entry of Plaintiff Utkirbek Abdumominov's family was denied due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

81. On May 26th 2020, the family's visa expired.

82. Plaintiff Utkirbek Abdumominov has been separated from his wife and young children since January.

**Plaintiff Danat Shekhe and his Family**

83. Plaintiff Danat Shekhe is a Syrian national residing in Turkey and a DV-2020 selectee.

84. Plaintiff Danat Shekhe was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

85. The KCC assigned him the case number 2020EU00010232.

86. Plaintiff Danat Shekhe completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

87. On January 23, 2020, the issuance of their visas was delayed on the request for medical information.

88. On March 18, Plaintiff Danat Shekhe received the additional medical information but was unable to submit anything to the closed consulate.

89. On April 22nd, 2020, the adjudication of Plaintiff Danat Shekhe's application was stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

90. Plaintiff Danat Shekhe has suffered economic damage of about $6000 due to being unable to emigrate.

**Plaintiff Hatice Demir and Family**

91. Plaintiff Hatice Demir is a native of Turkey and a DV-2020 selectee..

92. Plaintiff Hatice Demir was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

93. The KCC assigned him the case number 2020EU0008991.

94. Plaintiff Hatice Demir completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

95. On March 2nd, 2020, Plaintiff Hatice Demir and his family attended his interview.

96. Plaintiff Hatice Demir had their passports returned without their visas by the Embassy who requested additional information in the form of form D-5535.

97. On March 9th, 2020, Plaintiff Hatice Demir submitted the completed D-5535 forms for himself and his family to the Embassy.

98. On March 12th, 2020, Plaintiff Hatice Demir received an emergency email from the embassy saying the adjudication of their application would stop due to the COVID-19 pandemic

99. On April 22nd, 2020, the adjudication of Plaintiff Hatice Demir and family's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

100.     Plaintiff Hatice Demir has suffered economic damages of $4000 accounting processing fees in additional to 60% of their normal income.

**Plaintiff Laila Faizi Sohail and Hedayatullah Sohail**

101.     Plaintiff Laila Faizi Sohail is a Turkish nativa and a DV2020 selectee currently living in the United States.

102.     Plaintiff Hedayatullah Sohail is a native of Turkey and spouse of Laila Faizi Sohail. Hedayatullah Sohail is eligible to immigrate to the United States as a derivative beneficiary Irem Guzel should she be issued an immigrant visa pursuant to her DV-2020 selection. He is currently in Turkey.

103.     Plaintiff Laila Faizi Sohail and her derivative benefactor were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

104.     The KCC assigned her the case number 2020AS00011964.

105.     Plaintiff Laila Faizi Sohail completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

106.     On March 6th, 2020, Plaintiff Laila Faizi Sohail and her husband attended their interview at the Embassy.

107.     Plaintiff Laila Faizi Sohail was issued her visa but her husband's adjudication was assigned to Administrative Processing.

108.     Plaintiff Laila Faizi Sohail traveled to the U.S. ahead of her husband after becoming pregnant.

109.     On April 22nd, 2020, the adjudication of Plaintiff Hedayatullah Sohail's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

110.     Plaintiff Laila Faizi Sohail is living in the United States without her husband, pregnant and alone.

**Plaintiff Oleg Kamanev, Viktoriia Grozeva, and Family**

111.     Plaintiff Oleg Kamanev is a Ukraine native and a DV2020 selectee currently living in the United States.

112.     Plaintiff Viktoriia Grozeva is a native of Ukraine and spouse of Oleg Kamanev. Viktoriia Grozeva is eligible to immigrate to the United States as a derivative beneficiary Oleg Kamanev should he be issued an immigrant visa pursuant to her DV-2020 selection. She is currently in the Ukraine.

113.     Plaintiff Veronika Kameneva is a native of Ukraine and daughter of Oleg Kamanev. Veronika Kameneva is eligible to immigrate to the United

States as a derivative beneficiary Oleg Kamanev should he be issued an

immigrant visa pursuant to her DV-2020 selection. She is currently in the

Ukraine.

114.     Plaintiff Roman Grozev is a native of Ukraine and son of Oleg

Kamanev. Roman Grozev is eligible to immigrate to the United States as a

derivative beneficiary Oleg Kamanev should he be issued an immigrant visa

pursuant to her DV-2020 selection. He is currently in the Ukraine.

115.     Plaintiff Oleg Kamanev and his derivative benefactors were invited to

submit a DS-260, Immigrant Visa and Alien Registration Application

pursuant to his DV-2020 selection.

116.     The KCC assigned her the case number 2020AS00011964.

117.     Plaintiff Oleg Kamanev completed and submitted the documentation

for adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

118.     On February 4th, 2020, Plaintiff Oleg Kamanev and his family

attended their interview at the U.S Embassy in Moscow. Oleg Kamanev,

Veronika Kameneva, and Roman Grozev received their visas the next day

on February 5th, 2020, but Viktoriia Grozeva was asked to provide

additional medical information.

119.     On April 7th, 2020, Plaintiff Viktoriia Grozeva submitted her
additional information to the closed embassy.

120.     On April 22nd, 2020, the adjudication of Plaintiff Viktoriia Grozeva's
application was indefinitely stopped due to the Proclamation that affected
the department's policies, procedures, and practices suspending
adjudications of immigrant visa applications for DV-2020 program
selectees.

121.     On April 24th, 2020, Plaintiff Oleg Kamanev and his children came
into the U.S via Miami, Florida. and received LPR status without Plaintiff
Viktoriia Grozeva

**Plaintiff Sayfiev Orifjon**

122.     Plaintiff Sayfiev Orifjon is a native of Uzbekistan and a DV-2020
selectee.

123.     Plaintiff Sayfiev Orifjon was invited to submit a DS-260, Immigrant
Visa and Alien Registration Application pursuant to his DV-2020 selection.

124.     The KCC assigned him the case number 2020EU00005540.

125.     Plaintiff Sayfiev Orifjon completed and submitted the documentation
for adjudication of their DS-260, Immigrant Visa Application and Alien
Registration.

126.     On December 5th, 2019, Plaintiff Sayfiev Orifjon attended his interview. After the interview his case was placed in administrative processing. The Embassy at this point did not ask for additional documents from Plaintiff Sayfiev Orifjon.

127.     Plaintiff Sayfiev Orifjon contacted the Embassy three times for additional information of his case and was told to wait for further information from the Embassy.

128.     In preparation for moving to the U.S. Plaintiff Sayfiev Orifjon sold his car and left his job, as he anticipated moving within the year.

129.     On April 22nd, 2020, the adjudication of Plaintiff Sayfiev Orifjon's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

130.     Plaintiff Sayfiev Orifjon suffered from not being able to work and spent $770 dollars in processing fees.

**Plaintiff Mohamed Mahmoud Dahy Mahmoud**

131.     Plaintiff Mohamed Mahmoud Dahy Mahmoud is a native of Egypt and a DV-2020 selectee.

132.    Plaintiff Mohamed Mahmoud Dahy Mahmoud and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

133.    Plaintiff Mohamed Mahmoud Dahy Mahmoud completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

134.    The KCC assigned him the case number 2020AF00018869.

135.    Plaintiff Mohamed Mahmoud Dahy Mahmoud submitted all the necessary documentation and attended their interview at the U.S. embassy.

136.    On March 17, 2020, Plaintiff Mohamed Mahmoud Dahy Mahmoud received his passport from the embassy but it did not contain the visas. Plaintiff Mohamed Mahmoud Dahy Mahmoud was asked to provide additional information

137.    On March 20, 2020, the embassy received the additional documents from Plaintiff Mohamed Mahmoud Dahy Mahmoud and asked him to resend his passport to attach the visas

138.    Plaintiff Mohamed Mahmoud Dahy Mahmoud resigned from his company, sold his car, and turned down two job offers in anticipation for his travel.

139.    On June 22, 2020, the adjudication of Plaintiff Mohamed Mahmoud
        Dahy Mahmoud's application was stopped due to the extended Proclamation
        that affected the department's policies, procedures, and practices suspending
        adjudications of immigrant visa applications for DV-2020 program
        selectees.

140.    On June 24, Plaintiff Mohamed Mahmoud Dahy Mahmoud received a
        phone call from the embassy that he was to get his passport without the visa
        returned to him due to the Proclamation

141.    Plaintiff Mohamed Mahmoud Dahy Mahmoud around $2000 in
        processing fees.

142.    Plaintiff Mohamed Mahmoud Dahy Mahmoud visa will expire on
        September 30th, 2020

**Plaintiff Suliman Shaath and Family**

143.    Plaintiff Suliman Shaath is native of Palestine living in Saudi Arabia
        and a DV-2020 selectee.

144.    Plaintiff Suliman Shaath and his family were invited to submit a DS-
        260, Immigrant Visa and Alien Registration Application pursuant to his DV-
        2020 selection.

145.    Plaintiff Suliman Shaath completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

146.    The KCC assigned him the case number 2020AF000996.

147.    Plaintiff Suliman Shaath and his family attended their interview at the embassy in Riyadh City.

148.    Plaintiff Suliman Shaath was granted a visa but his family was placed in administrative processing.

149.    On February 19th, 2020, Plaintiff Suliman Shaath's family submitted the necessary d5535 forms to the embassy

150.    Plaintiff Suliman Shaath started preparing for travel.

151.    Plaintiff Suliman Shaath has not heard any additional word from the Embassy on he and his family's case.

152.    As of June 22, 2020, Plaintiff Suliman Shaath would be denied entry due to the extended Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees. Adjudication on his family's applications have been stopped.

**Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam and Family**

153.    Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam is a native of

Egypt currently living in Saudi Arabia and a DV-2020 selectee.

154.    Plaintiff Hany Abdelghani Ahmed Abdelghani is a native of Egypt

and spouse of Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam. Hany

Abdelghani Ahmed Abdelghani is eligible to immigrate to the United States

as a derivative beneficiary should she be issued an immigrant visa pursuant

to her DV-2020 selection.

155.    Plaintiff Jelan Hany Abdelghani Ahmed Abdelghani is a native of

Egypt and child of Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam.

Jelan Hany Abdelghani Ahmed Abdelghani is eligible to immigrate to the

United States as a derivative beneficiary should she be issued an immigrant

visa pursuant to her DV-2020 selection.

156.    Plaintiff Mariam Hany Abdelghani Ahmed Abdelghani is a native of

Egypt and child of Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam.

Mariam Hany Abdelghani Ahmed Abdelghani is eligible to immigrate to the

United States as a derivative beneficiary should she be issued an immigrant

visa pursuant to her DV-2020 selection.

157.    Plaintiff Kareem Hany Abdelghani Ahmed Abdelghani is a native of

Egypt and child of Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam.

Kareem Hany Abdelghani Ahmed Abdelghani is eligible to immigrate to the

United States as a derivative beneficiary  should she be issued an immigrant visa pursuant to her DV-2020 selection.

158.     Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

159.     Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

160.     The KCC assigned her the case number 2020AF00019052

161.     On March 16, 2020, Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam and her family attended their interview at the U.S. embassy in Saudi Arabia. The family was told that they would be issued the visa after the embassy would verify medical information.

162.     On April 22, 2020, Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam received an email stating that the embassy has stopped doing visa processing due to COVID-19 pandemic.

163.     On April 30, 2020, Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam received an email from the embassy that the adjusdication of her case was indefinitely stopped due to the Proclamation.

164.     Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam emailed the

embassy asking if she qualified under the exemption due to her being a

registered doctor. On June 15, the embassy confirmed she did not fall under

the exemption.

165.     Plaintiff Nora Abdelkhalek Abdelsalam Abdelsalam had sold her

properties and paid many expenses in preparation for travel.

**Plaintiff Ali Ozkilic and her Family**

166.     Plaintiff Ali Ozkilic is a native of Turkey and a DV-2020 selectee.

167.     Plaintiff Serdest Heval Ozkilic is a native of Turkey and spouse of

Plaintiff Ali Ozkilic. Serdest Heval Ozkilic is eligible to immigrate to the

United States as a derivative beneficiary should she be issued an immigrant

visa pursuant to her DV-2020 selection.

168.     Plaintiff Serdar Aram Ozkilic is a native of Turkey and relative of

Plaintiff Ali Ozkilic. Serdar Aram Ozkilic is eligible to immigrate to the

United States as a derivative beneficiary should she be issued an immigrant

visa pursuant to her DV-2020 selection.

169.     Plaintiff Ali Ozkilic and her family were invited to submit a DS-260,

Immigrant Visa and Alien Registration Application pursuant to his DV-2020

selection.

170.     Plaintiff Ali Ozkilic completed and submitted the documentation for

adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

171.     The KCC assigned her the case number 2020EU00005204.

172.      On March 3rd, 2020, Plaintiff Ali Ozkilic and her family attended

their embassy interview.

173.     Plaintiff Ali Ozkilic was informed that the embassy wanted additional

information via form d5535 before issuance of their visas. Afterwards they

were placed in administrative processing.

174.     On April 22nd, 2020, the adjudication of Plaintiff Ali Ozkilic's

application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program

selectees.

**Plaintiff Fatima Akyut and her Family**

175.     Plaintiff Fatima Akyut is a native of Turkey and a DV-2020 selectee.

176.     Plaintiff  Özkan Aykut is a native of Turkey and relative of Plaintiff

Fatima Akyut. Özkan Aykut is eligible to immigrate to the United States as a

derivative beneficiary should she be issued an immigrant visa pursuant to

her DV-2020 selection.

177.    Plaintiff  Elif Ece Aykutis a native of Turkey and relative of Plaintiff Fatima Akyut. Elif Ece Aykut is eligible to immigrate to the United States as a derivative beneficiary should she be issued an immigrant visa pursuant to her DV-2020 selection.

178.    Plaintiff Fatima Akyut and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to herDV-2020 selection.

179.    Plaintiff Fatima Akyut completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

180.    The KCC assigned her the case number 2020EU00010486.

181.    On January 4th, 2020, Plaintiff Fatima Akyut and her family attended their interview at the Embassy. They were asked for additional medical documentation.

182.    Plaintiff Fatima Akyut and her family paid 10,000 turkish lira in English language courses in prepeartion for their travel the U.S.

183.    On April 22nd, 2020, the adjudication of Plaintiff Fatima Akyut's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Zuhal Kaya and Family**

184.     Plaintiff Zuhal Kaya is a native of Turkey and a DV-2020 selectee.

185.     Plaintiff  Dincer Kaya is a native of Turkey and spouse of Plaintiff Zahul Kaya. Dincer Kaya is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to his DV-2020 selection.

186.     Plaintiff Sude Kaya is a native of Turkey and child of Plaintiff Zahul Kaya. Sude Kaya is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to his DV-2020 selection.

187.     Plaintiff  ElifNaz Kaya is a native of Turkey and child of Plaintiff Zahul Kaya. ElifNaz Kaya is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to his DV-2020 selection.

188.     Plaintiff Zuhal Kaya and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

189.      Plaintiff Zuhal Kaya completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

190.      The KCC assigned him the case number 2020EU0002115.

191.      Plaintiff Zuhal Kaya and his family were scheduled for an interview with the consulate to take place on April 27, 2020.

192.      Due to the U.S. Consulate closing its doors during the pandemic, the interview was cancelled and has yet to be rescheduled.

193.      Had he and his family obtained their visas following the interview, he would have arrived in the United States in July and enrolled his children in school.

194.      The adjudication of Plaintiff Zuhal Kaya's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Celalettin Can Cengiz and family**

195.      Plaintiff Celalettin Can Cengiz is a native of Turkey and a DV-2020 selectee.

196.     Plaintiff  Raşide Cengiz is a native of Turkey and spouse of Plaintiff Celalettin Can Cengiz. Raşide Cengiz is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to his DV-2020 selection.

197.     Plaintiff Celalettin Can Cengiz and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

198.     Plaintiff Celalettin Can Cengiz completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

199.     The KCC assigned him the case number 2020EU00010318.

200.     The adjudication of Plaintiff Celalettin Can Cengiz's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ozlem Cebeci**

201.     Plaintiff Ozlem Cebeci is a native of Turkey and a DV-2020 selectee.

202.     Plaintiff Ozlem Cebeci was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

203.     Plaintiff Ozlem Cebeci completed and submitted the documentation

for adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

204.     The KCC assigned him the case number 2020EU00016314.

205.     Plaintiff Ozlem Cebeci's case number became current and he was

scheduled for an interview on April 6, 2020.

206.     One week prior to Ozlem Cebeci's interview, the appointment was

cancelled.

207.     The adjudication of Plaintiff Ozlem Cebeci's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Hayal Yetkin Sale and Family**

208.     Plaintiff Hayal Yetkin Sale is a native of Turkey and a DV-2020

selectee.

209.     Plaintiff  Volkan Sale is a native of Turkey and spouse of Plaintiff

Hayal Yetkin Sale. Volkan Sale is eligible to immigrate to the United States

as a derivative beneficiary should she be issued an immigrant visa pursuant

to her DV-2020 selection.

210.     Plaintiff  Sine Ruya Sale is a native of Turkey and child of Plaintiff

Hayal Yetkin Sale. Volk Sine Ruya Sale is eligible to immigrate to the

United States as a derivative beneficiary should she be issued an immigrant

visa pursuant to her DV-2020 selection.

211.     Plaintiff Hayal Yetkin Sale and her family were invited to submit a

DS-260, Immigrant Visa and Alien Registration Application pursuant to his

DV-2020 selection.

212.     Plaintiff Hayal Yetkin Sale completed and submitted the

documentation for adjudication of their DS-260, Immigrant Visa Application

and Alien Registration.

213.     The KCC assigned him the case number 2020EU00018296.

214.     Plaintiff Hayal Yetkin Sale was then given an interview date, which

was later cancelled and never rescheduled.

215.     Plaintiff Hayal Yetkin Sale sold her house so that he would have

sufficient money to not be deemed a public charge and not be a burden on

the American welfare system.

216.     The adjudication of Plaintiff Hayal Yetkin Sale's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Kubra Dogan and Family**

217.    Plaintiff Kubra Dogan is a native of Turkey and a DV-2020 selectee.

218.    Plaintiff  Fatih Dogan is a native of Turkey and spouse of Plaintiff
Kubra Dogan. Fatih Dogan is eligible to immigrate to the United States as a
derivative beneficiary should her spouse be issued an immigrant visa
pursuant to his DV-2020 selection.

219.    Plaintiff Kubra Dogan and his family were invited to submit a DS-
260, Immigrant Visa and Alien Registration Application pursuant to his DV-
2020 selection.

220.    Plaintiff Kubra Dogan completed and submitted the documentation
for adjudication of their DS-260, Immigrant Visa Application and Alien
Registration.

221.    The KCC assigned him the case number 2020EU00022185.

222.    Plaintiff Kubra Dogan's documents were approved and was told that
he and his spouse would be getting an interview. However, due to the
Department's policies suspending adjudication of their case, no interview
was ever scheduled.

223.    The adjudication of Plaintiff Kubra Dogan's application was
indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Pelin Dincol**

224.    Plaintiff Pelin Dincol is a native of Turkey and a DV-2020 selectee.

225.    Plaintiff Pelin Dincol was invited to submit a DS-260, Immigrant Visa

and Alien Registration Application pursuant to his DV-2020 selection.

226.    Plaintiff Pelin Dincol completed and submitted the documentation for

adjudication of his DS-260, Immigrant Visa Application and Alien

Registration.

227.    The KCC assigned him the case number 2020EU00026809.

228.    Plaintiff Pelin Dincol's documents were approved and was told that he

would be getting an interview. However, due to the Department's policies

suspending adjudication of his case, no interview was ever scheduled.

229.    The adjudication of Plaintiff Pelin Dincol's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Burcin Dursun and Family**

230.    Plaintiff Burcin Dursun is a native of Turkey and a DV-2020 selectee.

231.     Cem Dursun is a native of Turkey and spouse of Plaintiff Burcin
Dursun. Cem Dursun is eligible to immigrate to the United States as a
derivative beneficiary should his spouse be issued an immigrant visa
pursuant to her DV-2020 selection.

232.     Ela Dursun is a native of Turkey and child of Plaintiff Burcin Dursun.
Ela Dursun is eligible to immigrate to the United States as a derivative
beneficiary should her mother be issued an immigrant visa pursuant to her
DV-2020 selection.

233.     Ozan Batur Dursun is a native of Turkey and child of Plaintiff Burcin
Dursun. Ozan Batur Dursun is eligible to immigrate to the United States as a
derivative beneficiary should his mother be issued an immigrant visa
pursuant to her DV-2020 selection.

234.     Plaintiff Burcin Dursun and her family were invited to submit a DS-
260, Immigrant Visa and Alien Registration Application pursuant to his DV-
2020 selection.

235.     Plaintiff Burcin Dursun completed and submitted the documentation
for adjudication of their DS-260, Immigrant Visa Application and Alien
Registration.

236.     The KCC assigned her the case number 2020EU00025044.

237.     Plaintiff Burcin Dursun's documents were approved and was told that she would be getting an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

238.     Plaintiff Burcin Dursun has a degree in business administration and is certified as an internal auditing processional.

239.     Plaintiff Burcin Dursun's spouse, is an engineer with a Master's Degree in business administration, and is currently a PhD student. He is fluent in several languages including English and German, and is also a certified auditor.

240.     Plaintiff Burcin Dursun's daughter is a student in one of the most reputable private schools in Turkey. She also speaks several languages, including English and German.

241.     In reliance on the Diversity Visa program, Plaintiff Burcin Dursun and her spouse informed their companies that they would be leaving their companies for the U.S. Because of this, her spouse lost his promotion.

242.     The adjudication of Plaintiff Burcin Dursun's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Elena Novospasskaia and Family**

243.    Plaintiff Elena Novospasskaya is a native of Russia and a DV-2020 selectee.

244.    Maksim Moskalenko is a native of Russia and spouse of Plaintiff Elena Novospasskaya. Maksim Moskalenko is eligible to immigrate to the United States as a derivative beneficiary should his spouse be issued an immigrant visa pursuant to her DV-2020 selection.

245.    Anastasiia Chaikina is a native of Russia and child of Plaintiff Elena Novospasskaya. Anastasiia Chaikina is eligible to immigrate to the United States as a derivative beneficiary should her mother be issued an immigrant visa pursuant to her DV-2020 selection.

246.    Plaintiff Elena Novospasskaya and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

247.    Plaintiff Elena Novospasskaya completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

248.    The KCC assigned her the case number 2020EU00023268.

249.    Plaintiff Elena Novospasskaya's documents were approved and was told that she would be getting an interview. However, due to the

Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

250.    In reliance on this program, Plaintiff Elena Novospasskaya and her family found a school in Pennsylvania where they would love to go. They have been diligently studying English and learning how to drive.

251.    The adjudication of Plaintiff Elena Novospasskaya's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

Plaintiff Valery Padlipski and Family

252.    Plaintiff Valery Padlipski is a native of Belarus and a DV-2020 selectee.

253.    Plaintiff Volha Padlipskaya is a native of Belarus and spouse of Plaintiff Valery Padlipski. Volha Padlipskaya is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

254.    Plaintiff Tatsiana Padlipskaya is a native of Belarus and child of Plaintiff Valery Padlipski. Tatsiana Padlipskaya is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

255.     Plaintiff Natallia Padlipskaya is a native of Belarus and child of

Plaintiff Valery Padlipski. Natallia Padlipskaya is eligible to immigrate to

the United States as a derivative beneficiary should they be issued an

immigrant visa pursuant to their DV-2020 selection.

256.     Plaintiff Valery Padlipski and their family were invited to submit a

DS-260, Immigrant Visa and Alien Registration Application pursuant to

their DV-2020 selection.

257.     Plaintiff Valery Padlipski completed and submitted the documentation

for adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

258.     The KCC assigned them the case number 2020EU00027339.

259.     On March 17, 2020, Plaintiff Valery Padlipski received a letter from

KCC indicating they have submitted all the documentation they needed and

would be scheduled for an interview.

260.     To this day Plaintiff Valery Padlipski and their family have not

received a scheduled interview.

261.     On April 22nd, 2020, the adjudication of Plaintiff Valery Padlipski's

application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Neslihan Benan Yuksel and Family**

262.     Plaintiff Neslihan Benan Yuksel is a native of Turkey and a DV2020-selectee

263.     Plaintiff Omaykan Yuksel is a native of Turkey and a spouse of Plaintiff Neslihan Benan Yuksel. Omaykan Yuksel is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

264.     Plaintiff Neslihan Benan Yuksel and their family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

265.     Plaintiff Neslihan Benan Yuksel completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

266.     The KCC assigned them the case number 2020EU00019979.

267.     Plaintiff Neslihan Benan Yuksel was scheduled to have his Medical appointment for April 11th, 2020 and his interview for the Embassy of Ankara on April 24, 2020.

268.     Plaintiff Neslihan Benan Yuksel's interviews were canceled due to the COVID-19 pandemic. He has not been rescheduled for his interviews.

269.     On April 22nd, 2020, the adjudication of Plaintiff Neslihan Benan Yuksel's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Tatyana Krashevskaya and Family**

270.     Plaintiff Tatyana Krashevskaya is a native of Belarus and a DV-2020 selectee.

271.     Plaintiff Alexander Krashevsky is a native of Belarus and spouse of Plaintiff Tatyana Krashevskaya. Alexander Krashevsky is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

272.     Plaintiff Nikita Krashevsky is a native of Belarus and child of Plaintiff Tatyana Krashevskaya. Nikita Krashevsky is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

273.     Plaintiff Tatyana Krashevskaya and their family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

274.     Plaintiff Tatyana Krashevskaya completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

275.     The KCC assigned them the case number 2020EU00020290.

276.     Plaintiff Tatyana Krashevskaya interview at the U.S. Embassy in Poland was scheduled for April 14th , 2020.

277.     Plaintiff Tatyana Krashevskaya spent time and money getting medical vaccination and booking hotels to attend the interview

278.     Plaintiff Tatyana Krashevskaya's interview was cancelled by the embassy due to the COVID-19 pandemic.

279.     Plaintiff Tatyana Krashevskaya has not been rescheduled for their interview.

280.     On April 22nd, 2020, the adjudication of Plaintiff Tatyana Krashevskaya's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Yevgeniy Pankevich**

281.    Plaintiff Yevgeniy Pankevich is a native of Kazakhstan and is a DV-2020 selectee

282.    Plaintiff Yevgeniy Pankevich was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

283.    Plaintiff Yevgeniy Pankevich completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

284.    The KCC assigned them the case number 2020EU00030053.

285.    On March 17, 2020, Plaintiff Yevgeniy Pankevich was told by KCC that she submitted documentation and that she would soon be scheduled for her interview.

286.    To this day Plaintiff Yevgeniy Pankevich never received a day for her interview.

287.    On April 22nd, 2020, the adjudication of Plaintiff Yevgeniy Pankevich's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Sercan Yilmaz**

288.    Plaintiff Sercan Yilmaz is a native of Bulgaria and a DV-2020 selectee.

289.    Plaintiff Sercan Yilmaz was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

290.    Plaintiff Sercan Yilmaz completed and submitted the documentation for adjudication of his DS-260, Immigrant Visa Application and Alien Registration.

291.    The KCC assigned him the case number 2020EU00024232.

292.    The adjudication of Plaintiff Sercan Yilmaz's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ibrahim Albatrak**

293.    Plaintiff Ibrahim Albatrak is a native of Turkey and a DV-2020 selectee.

294.    Plaintiff Ibrahim Albatrak was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

295.     Plaintiff Ibrahim Albatrak completed and submitted the documentation for adjudication of his DS-260, Immigrant Visa Application and Alien Registration.

296.     The KCC assigned him the case number 2020EU00032560.

297.     The adjudication of Plaintiff Ibrahim Albatrak's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ozge Pelin Kuyumcu**

298.     Plaintiff Ozge Pelin Kuyumcu is a native of Turkey and a DV-2020 selectee.

299.     Plaintiff Ozge Pelin Kuyumcu was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

300.     Plaintiff Ozge Pelin Kuyumcu completed and submitted the documentation for adjudication of his DS-260, Immigrant Visa Application and Alien Registration.

301.     The KCC assigned him the case number 2020EU00028062.

302.     The adjudication of Plaintiff Ozge Pelin Kuyumcu's application was indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Efe Arslan**

303.     Plaintiff Efe Arslan is a native of Turkey and a DV-2020 selectee.

304.     Plaintiff Efe Arslan was invited to submit a DS-260, Immigrant Visa

and Alien Registration Application pursuant to his DV-2020 selection.

305.     Plaintiff Efe Arslan completed and submitted the documentation for

adjudication of his DS-260, Immigrant Visa Application and Alien

Registration.

306.     The KCC assigned him the case number 2020EU00015666.

307.     The adjudication of Plaintiff Efe Arslan's application was indefinitely

stopped due to the Proclamation that affected the Department's policies,

procedures, and practices suspending adjudications of immigrant visa

applications for DV-2020 program selectees.

**Plaintiff Pelin Koroglu**

308.     Plaintiff Pelin Koroglu is a native of Turkey and a DV-2020 selectee.

309.     Plaintiff Pelin Koroglu was invited to submit a DS-260, Immigrant

Visa and Alien Registration Application pursuant to his DV-2020 selection.

310.     Plaintiff Pelin Koroglu completed and submitted the documentation for adjudication of her DS-260, Immigrant Visa Application and Alien Registration.

311.     The KCC assigned her the case number 2020EU00015666.

312.     The adjudication of Plaintiff Pelin Koroglu's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Metin Aladag and Family**

313.     Plaintiff Metin Aladag is a native of Turkey and a DV-2020 selectee.

314.     Oksana Aladag is a native of Turkey and spouse of Plaintiff Metin Aladag. She was also a DV-2020 selectee with a case number 2020EU00016998. Oksana Aladag is eligible to immigrate to the United States through her own application or as a derivative beneficiary should her spouse be issued an immigrant visa pursuant to her DV-2020 selection.

315.     Rojda Gulden Aladag is a native of Turkey and child of Plaintiff Metin Aladag. Rojda Gulden Aladag is eligible to immigrate to the United States as a derivative beneficiary should her father or mother be issued an immigrant visa pursuant to their DV-2020 selections.

316.     Deniz Aladag is a native of Turkey and child of Plaintiff Metin

Aladag. Deniz Aladag is eligible to immigrate to the United States as a

derivative beneficiary should her father or mother be issued an immigrant

visa pursuant to their DV-2020 selections.

317.     Plaintiff Metin Aladag and his family were invited to submit a DS-

260, Immigrant Visa and Alien Registration Application pursuant to her DV-

2020 selection.

318.     Plaintiff Metin Aladag completed and submitted the documentation

for adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

319.     The KCC assigned him the case number 2020EU00021255.

320.     Plaintiff Metin Aladag's documents were approved and was told that

she would be getting an interview. However, due to the Department's sloth

and policies suspending adjudication of his case, no interview was ever

scheduled.

321.     The adjudication of Plaintiff Metin Aladag's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Nikita Galimzyanov and Family**

322.     Plaintiff Nikita Galimzyanov is a native of Russia and a DV-2020 selectee.

323.     Vlada Chernadchuk is a native of Russia and spouse of Plaintiff Nikita Galimzyanov.  Vlada Chernadchuk is eligible to immigrate to the United States as a derivative beneficiary should his spouse be issued an immigrant visa pursuant to her DV-2020 selection.

324.     Plaintiff Nikita Galimzyanov and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

325.     Plaintiff Nikita Galimzyanov completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

326.     The KCC assigned him the case number 2020EU00021255.

327.     Plaintiff Nikita Galimzyanov's documents were approved and was told that she awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

328.     The adjudication of Plaintiff Nikita Galimzyanov's application was indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Aysin Gunay**

329.    Plaintiff Aysin Gunay is a native of Turkey and a DV-2020 selectee.

330.    Plaintiff Aysin Gunay were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

331.    Plaintiff Aysin Gunay completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

332.    The KCC assigned him the case number 2020EU00049915.

333.    Plaintiff Aysin Gunay's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

334.    The adjudication of Plaintiff Aysin Gunay's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Adil Ugur Tuncer**

335.     Plaintiff Adil Uguer Tuncer is a native of Turkey and a DV-2020

selectee.

336.     Gamze Tuncer is a native of Turkey and spouse of Plaintiff Adil

Uguer Tuncer.  Gamze Tuncer is eligible to immigrate to the United States

as a derivative beneficiary should his spouse be issued an immigrant visa

pursuant to her DV-2020 selection.

337.     Arda Tuncer is a native of Turkey and child of Plaintiff Adil Uguer

Tuncer.  Arda Tuncer is eligible to immigrate to the United States as a

derivative beneficiary should her father be issued an immigrant visa

pursuant to her DV-2020 selection.

338.     Plaintiff Adil Uguer Tuncer and his family were invited to submit a

DS-260, Immigrant Visa and Alien Registration Application pursuant to her

DV-2020 selection.

339.     Plaintiff Adil Uguer Tuncer completed and submitted the

documentation for adjudication of their DS-260, Immigrant Visa Application

and Alien Registration.

340.     The KCC assigned him the case number 2020EU00012335.

341.     Plaintiff Adil Uguer Tuncer's documents were approved and he

awaits an interview. However, due to the Department's sloth and policies

suspending adjudication of his case, no interview was ever scheduled.

342.     The adjudication of Plaintiff Adil Uguer Tuncer's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Gozde Gedik Yurdum and Family**

343.     Plaintiff Gozde Gedik Yurdum is a native of Turkey and a DV-2020 selectee.

344.     Hazan Berk Yurdum is a native of Turkey and spouse of Plaintiff Gozde Gedik Yurdum.  Hazan Berk Yurdum is eligible to immigrate to the United States as a derivative beneficiary should his spouse be issued an immigrant visa pursuant to her DV-2020 selection.

345.     Plaintiff Gozde Gedik Yurdum and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

346.     Plaintiff Gozde Gedik Yurdum completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

347.     The KCC assigned her the case number 2020EU00027936.

348.    Plaintiff Gozde Gedik Yurdum's documents were approved and she awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

349.    The adjudication of Plaintiff Gozde Gedik Yurdum's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Naira Oganisyan**

350.    Plaintiff Naira Oganisyan is a native of Armenia currently residing in Spain. She is a DV-2020 selectee.

351.    Plaintiff Naira Oganisyan and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

352.    Plaintiff Naira Oganisyan completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

353.    The KCC assigned them the case number 2020EU00040406.

354.    Plaintiff Naira Oganisyan were never assigned their interview date.

355.    On April 22nd, 2020, the adjudication of Plaintiff Naira Oganisyan's application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Tuncay Bahri Ozturk**

356.    Plaintiff Tuncay Bahri Ozturk is a native of Turkey and a DV-2020

selectee.

357.    Plaintiff Tuncay Bahri Ozturk was invited to submit a DS-260,

Immigrant Visa and Alien Registration Application pursuant to their DV-

2020 selection.

358.    Plaintiff Tuncay Bahri Ozturk completed and submitted the

documentation for adjudication of their DS-260, Immigrant Visa Application

and Alien Registration.

359.    The KCC assigned them the case number 2020EU00022061.

360.    On March 3rd, 2020, the KCC approved Plaintiff Tuncay Bahri

Ozturk documents and told him to wait for his interview date.

361.    In preparation for travel to the U.S., Plaintiff Tuncay Bahri Ozturk

turned down promotions and long-term job offers.

362.    Plaintiff Tuncay Bahri Ozturk never received a scheduled date for his

interview.

363.    On April 22nd, 2020, the adjudication of Plaintiff Tuncay Bahri

Ozturk's application was indefinitely stopped due to the Proclamation that

affected the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim and Family**

364.     Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim is a native of

Egypt and a DV-2020 selectee.

365.     Plaintiff Ayman Ahmed Mohamed Masoud is a native of Egypt and

husband of Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim. Ayman

Ahmed Mohamed Masoudis eligible to immigrate to the United States as a

derivative beneficiary should she be issued an immigrant visa pursuant to

their DV-2020 selection.

366.     Plaintiff Maya Ayman Ahmed Mohamed Masoudis a native of Egypt

and child of Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim. Maya

Ayman Ahmed Mohamed Masoud is eligible to immigrate to the United

States as a derivative beneficiary should she be issued an immigrant visa

pursuant to their DV-2020 selection.

367.     Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim and her

family were invited to submit a DS-260, Immigrant Visa and Alien

Registration Application pursuant to their DV-2020 selection.

368.    Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

369.    The KCC assigned them the case number 2020AF00035169.

370.    Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim and her family have not been scheduled for an appointment.

371.    On April 22nd, 2020, the adjudication of Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Esat Unal and his Family**

372.    Plaintiff Esat Unal is a native of Turkey and a DV2020-selectee.

373.    Plaintiff Gulcin Bir Unal is a native of Turkey and spouse of Plaintiff Esat Unal. Gulcin Bir Unal is eligible to immigrate to the United States as a derivative beneficiary should she be issued an immigrant visa pursuant to their DV-2020 selection.

374.    Plaintiff Deniz Unal is a native of Turkey and child of Plaintiff Esat Unal. Deniz Unal is eligible to immigrate to the United States as a derivative

beneficiary should she be issued an immigrant visa pursuant to their DV-2020 selection.

375.     Plaintiff Shrouk Mohamed Ibrahim Abdelhamid Ibrahim and her family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

376.     Plaintiff Esat Unal completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

377.     The KCC assigned them the case number 2020EU0001919.

378.     Plaintiff Esat Unal interview was scheduled in April but was then canceled due to the COVID-19 pandemic.

379.     Plaintiff Esat Unal have not received a new date for their interview.

380.     On April 22nd, 2020, the adjudication of Plaintiff Esat Unal's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Katsiaryna Lashcheuskaya and Family**

381.     Plaintiff Katsiaryna Lashcheuskaya is a native of Belarus and a DV-2020 selectee.

382.    Plaintiff Yauheni Lashcheuski is a native of Belarus and husband to
Plaintiff Katsiaryna Lashcheuskaya. Yauheni Lashcheuski is eligible to
immigrate to the United States as a derivative beneficiary should she be
issued an immigrant visa pursuant to their DV-2020 selection.

383.    Plaintiff Milana Lashcheuskaya is a native of Belarus and child to
Plaintiff Katsiaryna Lashcheuskaya. Milana Lashcheuskaya is eligible to
immigrate to the United States as a derivative beneficiary should she be
issued an immigrant visa pursuant to their DV-2020 selection.

384.    Plaintiff Katsiaryna Lashcheuskaya and her family were invited to
submit a DS-260, Immigrant Visa and Alien Registration Application
pursuant to their DV-2020 selection.

385.    Plaintiff Katsiaryna Lashcheuskaya completed and submitted the
documentation for adjudication of their DS-260, Immigrant Visa Application
and Alien Registration.

386.    The KCC assigned them the case number 2020EU00016170.

387.    On Februrary 19th, 2020, The KCC scheduled Plaintiff Katsiaryna
Lashcheuskaya's interview for April 1st, 2020.

388.    Plaintiff Katsiaryna Lashcheuskaya's interview was cancelled due to
the COVID-19 pandemic.

389.     Plaintiff Katsiaryna Lashcheuskaya has not received a new date for their interview.

390.     On April 22nd, 2020, the adjudication of Plaintiff Katsiaryna Lashcheuskaya's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Adrei Savenkov**

391.     Plaintiff Adrei Savenkov is a native of Russia and spouse to Natalia Savenkova. Adrei Savenkov is eligible to immigrate to the United States as a derivative beneficiary should she be issued an immigrant visa pursuant to their DV-2020 selection.

392.     Plaintiff Adrei Savenkov through his wife invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

393.     Plaintiff Adrei Savenkov completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

394.     The KCC assigned them the case number 2020EU00001426.

395.     Plaintiff Adrei Savenkov and his family attended their interview in January. Plaintiff Adrei Savenkov wife and child were given their visas but Plaintiff Adrei Savenkov was put into Administrative Processing.

396.     Plaintiff Andrew Savenkov never received further communication about his process.

397.     On April 22nd, 2020, the adjudication of Plaintiff Andrew Savenkov's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Marina Dubova**

398.     Plaintiff Marina Dubova is a native of Russia and  DV-2020 selectee.

399.     Plaintiff Marina Dubova was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

400.     Plaintiff Marina Dubova completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

401.     The KCC assigned her the case number 2020EU00011244.

402.     The KCC assigned Plaintiff Marina Dubova's interview date to May 13th, 2020.

403.    Plaintiff Marina Dubova's interview was cancelled due to the COVID-19 pandemic.

404.    Plaintiff Marina Dubova has not received a new interview date.

405.    On April 22nd, 2020, the adjudication of Plaintiff Marina Dubova's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Yauhen Palei and spouse**

406.    Plaintiff Yauhen Palei is a native of Belarus currently living in Poland.

407.    Plaintiff Aliaksandra Palei is a native of Belarus and spouse to Plaintiff Yauhen Palei. Aliaksandra Palei is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to their DV-2020 selection.

408.    Plaintiff Yauhen Palei was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

409.    Plaintiff Yauhen Palei completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

410.    The KCC assigned her the case number 2020EU00019241.

411.    Plaintiff Yauhen Palei in preparation for travel to the United States, purchased several English language courses.

412.    The KCC scheduled Plaintiff Yauhen Palei's interview for April 6th, 2020.

413.    Plaintiff Yauhen Palei's interview was cancelled due to the COVID-19 pandemic. Plaintiff Yauhen Palei was told that the interview would be rescheduled when the Embassy resumed visa services.

414.    On April 22nd, 2020, the adjudication of Plaintiff Marina Dubova's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

415.    On June 25th, 2020, Plaintiff Yauhen Palei received an email informing him that the interview was indefinitely canceled.

**Plaintiff Emre Durmaz and Family**

416.    Plaintiff Emre Durmaz is a native of Turkey and a DV-2020 selectee.

417.    Plaintiff Elif Durmaz is a native of Turkey and spouse to Plaintiff Emre Durmaz. Elif Durmaz is eligible to immigrate to the United States as a derivative beneficiary should he be issued an immigrant visa pursuant to their DV-2020 selection.

418.     Plaintiff Simay Durmaz is a Turkey of Belarus and daughter to

Plaintiff Emre Durmaz. Simay Durmaz is eligible to immigrate to the United

States as a derivative beneficiary should he be issued an immigrant visa

pursuant to their DV-2020 selection.

419.     Plaintiff Emre Durmaz and his family were invited to submit a DS-

260, Immigrant Visa and Alien Registration Application pursuant to their

DV-2020 selection.

420.     Plaintiff Emre Durmaz completed and submitted the documentation

for adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

421.     The KCC assigned them the case number 2020EU00029289.

422.     On March 18, 2020, The KCC approved the documentation provided

by Plaintiff Emre Durmaz and instructed him to wait for him interview.

423.     Plaintiff Emre Durmaz sold his house and pulled his daughter out of

private school tor prepare for the interview and to travel.

424.     Plaintiff Emre Durmaz to this day has not received an interview date.

425.     On April 22nd, 2020, the adjudication of Plaintiff Emre Durmaz's

application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Eren Deyis**

426.     Plaintiff Eren Deyis is a native of Turkey and a DV-2020 selectee.

427.     Plaintiff Eren Deyis  was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

428.     Plaintiff Eren Deyis completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

429.     The KCC assigned them the case number 2020EU00027031.

430.     Plaintiff Eren Deyis spent $3000 and sold investments in order to prepare for the interview. Plaintiff Eren Deyis also postponed his marriage to his fiancé and ended the relationship in anticipation of travel to the U.S.

431.     Plaintiff Eren Deyis interview was cancelled due to COVID-19.

432.     Plaintiff Eren Deyis has not been rescheduled for another interview.

433.     On April 22nd, 2020, the adjudication of Plaintiff Eren Deyis's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Esra Paker and spouse**

434.     Plaintiff Esra Paker is a native of Turkey and a DV-2020 selectee.

435.    Plaintiff Anil Paker is a native of Turkey and spouse to Plaintiff Esra Paker. Anil Paker is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

436.    Plaintiff Esra Paker and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

437.    Plaintiff Esra Paker completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

438.    The KCC assigned them the case number 2020EU00028866.

439.    On March 12, 2020, The KCC informed Plaintiff Esra Paker that they received his documents and that they should wait for their interview.

440.    Plaintiff Esra Paker never had their interview scheduled.

441.    On April 22nd, 2020, the adjudication of Plaintiff Esra Paker's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees

**Plaintiff Iskandarova Narzisahkon Numonova and Family**

442.     Plaintiff Iskandarova Narzisahkon Numonova is a native of Tajikistan and  DV-2020 selectee.

443.     Plaintiff Iskandarov Akmalkhoja is a native of Tajikistan and spouse to Plaintiff Iskandarova Narzisahkon Numonova. Iskandarov Akmalkhoja is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

444.     Plaintiff Iskandarova Anisa is a native of Tajikistan and child to Plaintiff Iskandarova Narzisahkon Numonova. Iskandarova Anisa is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

445.     Plaintiff Ismandariv Anvar is a native of Tajikistan and child to Plaintiff Iskandarova Narzisahkon Numonova. Ismandariv Anvar is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

446.     Plaintiff Iskandarov Damir is a native of Tajikistan and child to Plaintiff Iskandarova Narzisahkon Numonova. Iskandarov Damir is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

447.     Plaintiff Iskandarova Narzisahkon Numonova and their family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

448.     Plaintiff Iskandarova Narzisahkon Numonova completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

449.     The KCC assigned them the case number 2020EU00031261.

450.     The KCC received Plaintiff Iskandarova Narzisahkon Numonova's documents in March of 2020 and told Plaintiff Iskandarova Narzisahkon Numonova to wait for their interview.

451.     Plaintiff Iskandarova Narzisahkon Numonova have not received a scheduled date for their interview.

452.     On April 22nd, 2020, the adjudication Plaintiff Iskandarova Narzisahkon Numonova's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Gokmen Maya and Family**

453.     Plaintiff Gokmen Maya is a native of Turkey and a DV-2020 selectee.

454.    Plaintiff Burcin Maya is a native of Turkey and spouse to Plaintiff Gokmen Maya. Burcin Maya is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

455.    Plaintiff Defne Maya is a native of Turkey and child to Plaintiff Gokmen Maya. Dafne Maya is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

456.    Plaintiff Gokmen Maya and their family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

457.    Plaintiff Gokmen Maya completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

458.    The KCC assigned them the case number 2020EU00019875.

459.    The KCC scheduled Plaintiff Gokmen Maya's interview for April 2020.

460.    Plaintiff Gokmen Maya's interview was cancelled due to the COVID-19 pandemic.

461.    Plaintiff Gokmen Maya have not been rescheduled for their interview.

462.    On April 22nd, 2020, the adjudication Plaintiff Iskandarova

Narzisahkon Numonova's application was indefinitely stopped due to the

Proclamation that affected the department's policies, procedures, and

practices suspending adjudications of immigrant visa applications for DV-

2020 program selectees.

**Plaintiff Sevil Koç and Family**

463.    Plaintiff Sevil Koç is a native of Turkey and a DV-2020 selectee.

464.    Plaintiff Gürhan Koç is a native of Turkey and spouse to Plaintiff

Sevil Koç. Gürhan Koç is eligible to immigrate to the United States as a

derivative beneficiary should they be issued an immigrant visa pursuant to

their DV-2020 selection.

465.    Plaintiff Yağizhan Koç is a native of Turkey and child to Plaintiff

Sevil Koç. Yağizhan Koç is eligible to immigrate to the United States as a

derivative beneficiary should they be issued an immigrant visa pursuant to

their DV-2020 selection.

466.    Plaintiff Sevil Koç and their family were invited to submit a DS-260,

Immigrant Visa and Alien Registration Application pursuant to their DV-

2020 selection.

467.     Plaintiff Sevil Koç completed and submitted the documentation for

adjudication of their DS-260, Immigrant Visa Application and Alien

Registration.

468.     The KCC assigned them the case number 2020EU00016978.

469.     The KCC scheduled Plaintiff Sevil Koç's interview for April 1st,

2020.

470.     Plaintiff Sevil Koç and her husband quit their jobs, sold their car, and

cancelled their lease to their apartment to prepare for travel to the U.S.

471.     Plaintiff Sevil Koç's interview was cancelled due to the COVID-19

pandemic.

472.     Plaintiff Sevil Koç have not had their interview rescheduled

473.     On April 22nd, 2020, the adjudication Plaintiff Sevil Koç's

application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program

selectees.

**Plaintiff Niyaz Büyükgökmen and Spouse**

474.     Plaintiff Niyaz Büyükgökmen is a native of Turkey and a DV-2020

selectee.

475.     Plaintiff Cemal Büyükgökmen is a native of Turkey and spouse to

Plaintiff Niyaz Büyükgökmen. Cemal Büyükgökmen is eligible to immigrate

to the United States as a derivative beneficiary should they be issued an

immigrant visa pursuant to their DV-2020 selection.

476.     Plaintiff Niyaz Büyükgökmen and their spouse were invited to submit

a DS-260, Immigrant Visa and Alien Registration Application pursuant to

their DV-2020 selection.

477.     Plaintiff Niyaz Büyükgökmen completed and submitted the

documentation for adjudication of their DS-260, Immigrant Visa Application

and Alien Registration.

478.     The KCC assigned them the case number 2020EU00021172.

479.     On November 13th, 2019, Plaintiff Niyaz Büyükgökmen had their

interview scheduled for April 28th, 2020.

480.     Plaintiff Niyaz Büyükgökmen's interview was canceled due to the

COVID-19 pandemic.

481.     Plaintiff Niyaz Büyükgökmen have not had their interview

rescheduled.

482.     On April 22nd, 2020, the adjudication Plaintiff Niyaz Büyükgökmen's

application was indefinitely stopped due to the Proclamation that affected

the department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Yuliya Hil and Spouse**

483.     Plaintiff Yuliya Hil is a native of Belarus and a DV-2020 selectee.

484.     Plaintiff Maksim Indziukou is a native of Belarus and spouse to Plaintiff Yuliya Hil. Maksim Indziukou is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

485.     Plaintiff Yuliya Hil and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

486.     Plaintiff Yuliya Hil completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

487.     The KCC assigned them the case number 2020EU00018930.

488.     The KCC scheduled Plaintiff Yuliya Hil's interview to be in April 2020.

489.     Plaintiff Yuliya Hil's interview was cancelled due to the COVID-19 pandemic.

490.     Plaintiff Yuliya Hil has not had their interview rescheduled.

491.    On April 22nd, 2020, the adjudication Plaintiff Yuliya Hil's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ecemnaz Alcin Sasmaz and Spouse**

492.    Plaintiff Ecemnaz Alcin Sasmaz is a native of Turkey and a DV-2020 selectee.

493.    Plaintiff Taha Yasin Sasmaz is a native of Turkey and spouse to Plaintiff Ecemnaz Alcin Sasmaz. Taha Yasin Sasmaz is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

494.    Plaintiff Ecemnaz Alcin Sasmaz and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

495.    Plaintiff Ecemnaz Alcin Sasmaz completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

496.    The KCC assigned them the case number 2020EU00019452.

497.     The KCC scheduled Plaintiff Ecemnaz Alcin Sasmaz's interview for April 20th, 2020.

498.     Plaintiff Ecemnaz Alcin Sasmaz's interview was cancelled due to the COVID-19 pandemic.

499.     Plaintiff Ecemnaz Alcin Sasmaz have not had their interview rescheduled.

500.     On April 22nd, 2020, the adjudication Plaintiff Ecemnaz Alcin Sasmaz's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Volha Amelchanka and Family**

501.     Plaintiff Volha Amelchanka is a native of Belarus and a DV-2020 selectee.

502.     Plaintiff Uladzimir Amelchanka is a native of Belarus and relative to Plaintiff Volha Amelchanka. Uladzimir Amelchanka is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

503.     Plaintiff Anastasia Amelchanka is a native of Belarus and relative to Plaintiff Volha Amelchanka. Anastasia Amelchanka is eligible to immigrate

to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

504.     Plaintiff Katsiarina Amelchanka is a native of Belarus and relative to Plaintiff Volha Amelchanka. Katsiarina Amelchanka is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

505.     Plaintiff Volha Amelchanka and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

506.     Plaintiff Volha Amelchanka completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

507.     The KCC assigned them the case number 2020EU00017582.

508.     The KCC scheduled Plaintiff Volha Amelchanka's interview for April 16, 2020.

509.     Plaintiff Volha Amelchanka's interview was cancelled due to the COVID-19 pandemic.

510.     Plaintiff Volha Amelchanka have not had their interview rescheduled.

511.     On April 22nd, 2020, the adjudication Plaintiff Volha Amelchanka's application was indefinitely stopped due to the Proclamation that affected

79

the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Yuliya Kuznetsova and Family**

512.   Plaintiff Yuliya Kuznetsova is a native of Kazakhstan and a DV-2020 selectee.

513.   Plaintiff Sergey Kuznetsova is a native of Kazakhstan and spouse to Plaintiff Yuliya Kuznetsova. Sergey Kuznetsova is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

514.   Plaintiff Nikita Kuznetsova is a native of Kazakhstan and child to Plaintiff Yuliya Kuznetsova. Nikita Kuznetsova is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

515.   Plaintiff Bogdan Kuznetsova is a native of Kazakhstan and child to Plaintiff Yuliya Kuznetsova. Bogdan Kuznetsova is eligible to immigrate to the United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

516.   Plaintiff Egor Kuznetsova is a native of Kazakhstan and relative to Plaintiff Yuliya Kuznetsova. Egor Kuznetsova is eligible to immigrate to the

United States as a derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

517.     Plaintiff Yuliya Kuznetsova and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

518.     Plaintiff Yuliya Kuznetsova completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

519.     The KCC assigned them the case number 2020EU25832.

520.     On March 18th, 2020, KCC received the documentation and informed Plaintiff Yuliya Kuznetsova to wait for their interview.

521.     Plaintiff Yuliya Kuznetsova have not been scheduled for an interview.

522.     On April 22nd, 2020, the adjudication Plaintiff Yuliya Kuznetsova's application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Gencay Ertunk**

523.     Plaintiff Gencay Ertunk is a native of Turkey and a DV-2020 selectee.

524.     Plaintiff Gencay Ertunk  was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

525.     Plaintiff Gencay Ertunk completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

526.     The KCC assigned them the case number 2020EU00052362.

527.     On March 18th, 2020, KCC received the documentation and informed Plaintiff Gencay Ertunk to wait for their interview.

528.     Plaintiff Gencay Ertunk have not been scheduled for an interview.

529.     On April 22nd, 2020, the adjudication Plaintiff Gencay Ertunk application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Oytun Lacin and Spouse**

530.     Plaintiff Oytun Lacin is a native of Turkey and a DV-2020 selectee.

531.     Plaintiff Selin Lacin is a native of Turkey and spouse to Plaintiff Oytun Lacin. Selin Lacin is eligible to immigrate to the United States as a

derivative beneficiary should they be issued an immigrant visa pursuant to their DV-2020 selection.

532.    Plaintiff Oytun Lacin and their spouse were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to their DV-2020 selection.

533.    Plaintiff Oytun Lacin completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

534.    The KCC assigned them the case number 2020EU00030488.

535.    On March 18th, 2020, The KCC received the documents from Plaintiff Oytun Lacin and instructed them to wait for their interview.

536.    Plaintiff Oytun Lacin and his spouse stopped their education and sold their furniture and appliances in preparation for the interview and travel to the U.S.

537.    Plaintiff Oytun Lacin have not been scheduled for their interview.

538.    On April 22nd, 2020, the adjudication Plaintiff Oytun Lacin application was indefinitely stopped due to the Proclamation that affected the department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Dogukan Oruc**

539.     Plaintiff Dogukan Oruc is a native of Turkey and a DV-2020 selectee.

540.     Plaintiff Dogukan Oruc was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

541.     Plaintiff Dogukan Oruc completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

542.     The KCC assigned him the case number 2020EU00026594.

543.     Plaintiff Dogukan Oruc's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

544.     The adjudication of Plaintiff Dogukan Oruc's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Berkay Aynagoz**

545.     Plaintiff Berkay Aynagoz is a native of Turkey and a DV-2020 selectee.

84

546.     Plaintiff Berkay Aynagoz was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

547.     Plaintiff Berkay Aynagoz completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

548.     The KCC assigned him the case number 2020EU00016379.

549.     Plaintiff Berkay Aynagoz's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

550.     The adjudication of Plaintiff Berkay Aynagoz's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Huseyin Kus and Family**

551.     Plaintiff Huseyin Kus is a native of Turkey and a DV-2020 selectee.

552.     Yasmin Hassan Abdelmoneam Elgamal is a native of Turkey and relative of Plaintiff Huseyin Kus.  Yasmin Hassan Abdelmoneam Elgamal is eligible to immigrate to the United States as a derivative beneficiary should her relative be issued an immigrant visa pursuant to her DV-2020 selection.

553.    Zeina Mamdough Mahmoud Elazab Elkhouli is a native of Turkey and relative of Plaintiff Huseyin Kus. Zeina Mamdough Mahmoud Elazab Elkhouli is eligible to immigrate to the United States as a derivative beneficiary should her relative be issued an immigrant visa pursuant to her DV-2020 selection.

554.    Plaintiff Huseyin Kus and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

555.    Plaintiff Huseyin Kus completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

556.    The KCC assigned his the case number 2020EU00032155.

557.    Plaintiff Huseyin Kus's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

558.    The adjudication of Plaintiff Huseyin Kus's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ali Kadayifci**

559.     Plaintiff Ali Kadayifci is a native of Russia and a DV-2020 selectee.

560.     Plaintiff Ali Kadayifci was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

561.     Plaintiff Ali Kadayifci completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

562.     The KCC assigned him the case number 2020EU00014521.

563.     Plaintiff Ali Kadayifci's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

564.     The adjudication of Plaintiff Ali Kadayifci's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ozan Gozubuyuk**

565.     Plaintiff Ozan Gozubuyk is a native of Turkey and a DV-2020 selectee.

566.     Plaintiff Ozan Gozubuyk was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

567.     Plaintiff Ozan Gozubuyk completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

568.     The KCC assigned him the case number 2020EU00010582.

569.     Plaintiff Ozan Gozubuyk's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

570.     The adjudication of Plaintiff Ozan Gozubuyk's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Cevdet Aydin Sun**

571.     Plaintiff Cevdet Aydin Sun is a native of Turkey and a DV-2020 selectee.

572.     Plaintiff Cevdet Aydin Sun was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

573.     Plaintiff Cevdet Aydin Sun completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

574.    The KCC assigned him the case number 2020EU00028048.

575.    Plaintiff Cevdet Aydin Sun's documents were approved and he awaits

an interview. However, due to the Department's sloth and policies

suspending adjudication of his case, no interview was ever scheduled.

576.    The adjudication of Plaintiff Cevdet Aydin Sun's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Ozgur Dinc and Family**

577.    Plaintiff Ozgur Dinc is a native of Turkey and a DV-2020 selectee.

578.    Bahar Yalcin Dinc is a native of Turkey and relative of Plaintiff

Ozgur Dinc.  Bahar Yalcin Ding is eligible to immigrate to the United States

as a derivative beneficiary should her relative be issued an immigrant visa

pursuant to his DV-2020 selection.

579.    Basak Naz Kocyigit is a native of Turkey and relative of Plaintiff

Ozgur Dinc.  Basak Naz Kocyigit is eligible to immigrate to the United

States as a derivative beneficiary should her relative be issued an immigrant

visa pursuant to his DV-2020 selection.

580.    Berrak Su Kocyigit is a native of Turkey and relative of Plaintiff

Ozgur Dinc.  Berrak Su Kocyigit is eligible to immigrate to the United

States as a derivative beneficiary should her relative be issued an immigrant visa pursuant to his DV-2020 selection.

581.      Plaintiff Ozgur Dinc and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

582.      Plaintiff Ozgur Dinc completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

583.      The KCC assigned his the case number 2020EU00017993.

584.      Plaintiff Ozgur Dinc's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

585.      The adjudication of Plaintiff Ozgur Dinc's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Bakaryukin Viacheslav and Family**

586.      Plaintiff Bakaryukin Viacheslav is a DV-2020 selectee.

587.      Svetlana Viacheslav is the spouse of Plaintiff Bakaryukin Viacheslav. Svetlana Viacheslav is eligible to immigrate to the United States as a

derivative beneficiary should her spouse be issued an immigrant visa pursuant to his DV-2020 selection.

588.     Plaintiff Bakaryukin Viacheslav and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

589.     Plaintiff Bakaryukin Viacheslav completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

590.     The KCC assigned him the case number 2020EU00038208.

591.     Plaintiff Bakaryukin Viacheslav's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled. The adjudication of Plaintiff Bakaryukin Viacheslav's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Hassan Khader Nassar**

592.     Plaintiff Hassan Khader Nassar is a native of Kuwait and a DV-2020 selectee.

593.     Plaintiff Hassan Khader Nassar was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

594.     Plaintiff Hassan Khader Nassar completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

595.     The KCC assigned him the case number 2020AS00012605.

596.     Plaintiff Hassan Khader Nassar's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

597.     The adjudication of Plaintiff Hassan Khader Nassar's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Elkhouli Mamdouh**

598.     Plaintiff Elkhouli Mamdouh is a DV-2020 selectee.

599.     Plaintiff Elkhouli Mamdouh was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

600.     Plaintiff Elkhouli Mamdouh completed and submitted the

documentation for adjudication of their DS-260, Immigrant Visa Application

and Alien Registration.

601.     The KCC assigned him the case number 2020AS00014065.

602.     Plaintiff Elkhouli Mamdouh's documents were approved and he

awaits an interview. However, due to the Department's sloth and policies

suspending adjudication of his case, no interview was ever scheduled.

603.     The adjudication of Plaintiff Elkhouli Mamdouh's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

**Plaintiff Olga Kormilina**

604.     Plaintiff Olga Kormilina is a native of Russia and a DV-2020 selectee.

605.     Plaintiff Olga Kormilina was invited to submit a DS-260, Immigrant

Visa and Alien Registration Application pursuant to her DV-2020 selection.

606.     Plaintiff Olga Kormilina completed and submitted the documentation

for adjudication of her DS-260, Immigrant Visa Application and Alien

Registration.

607.     The KCC assigned her the case number 2020EU00018985.

608.     Plaintiff Olga Kormilina's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

609.     The adjudication of Plaintiff Olga Kormilina's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ahmed Essam Abd Elaziez Mahmoud Youssef**

610.     Plaintiff Ahmed Essam Abd Elaziez Mahmoud Youssef is a national of Egypt and is a DV-2020 selectee.

611.     Plaintiff Ahmed Essam Abd Elaziez Mahmoud Youssef was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

612.     Plaintiff Ahmed Essam Abd Elaziez Mahmoud Youssef completed and submitted the documentation for adjudication of hisDS-260, Immigrant Visa Application and Alien Registration.

613.     The KCC assigned him the case number 2020AF00041767.

614.     Plaintiff Ahmed Essam Abd Elaziez Mahmoud Youssef's documents were approved and he awaits an interview. However, due to the

Department's sloth and policies suspending adjudication of his case, no

interview was ever scheduled.

615.      The adjudication of Plaintiff Ahmed Essam Abd Elaziez Mahmoud

Youssef's application was indefinitely stopped due to the Proclamation that

affected the Department's policies, procedures, and practices suspending

adjudications of immigrant visa applications for DV-2020 program

selectees.

**Plaintiff Joseph Youssef**

616.      Plaintiff Joseph Youssef is a national of Egypt and is a DV-2020

selectee.

617.      Plaintiff Joseph Youssef was invited to submit a DS-260, Immigrant

Visa and Alien Registration Application pursuant to his DV-2020 selection.

618.      Plaintiff Joseph Youssef completed and submitted the documentation

for adjudication of hisDS-260, Immigrant Visa Application and Alien

Registration.

619.      The KCC assigned him the case number 2020AF00034956.

620.      Plaintiff Joseph Youssef's documents were approved and he awaits an

interview. However, due to the Department's sloth and policies suspending

adjudication of his case, no interview was ever scheduled.

621.    The adjudication of Plaintiff Joseph Youssef's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Ahmed Aglan and Family**

622.    Plaintiff Ahmed Aglan is a native of Saudi Arabia and a DV-2020 selectee.

623.    Maha Samy Ali Abdulhamid is a native of Saudi Arabia and spouse of Plaintiff Ahmed Aglan.  Maha Samy Ali Abdulhamid is eligible to immigrate to the United States as a derivative beneficiary should her spouse be issued an immigrant visa pursuant to his DV-2020 selection.

624.    Yousef Ahmed Mohamed Khalifa Aglan is a native of Saudi Arabia and child of Plaintiff Ahmed Aglan.  Yousef Ahmed Mohamed Khalifa Aglan is eligible to immigrate to the United States as a derivative beneficiary should his father be issued an immigrant visa pursuant to his DV-2020 selection.

625.    Nour Ahmed Mohamed Khalifa Aglan is a native of Saudi Arabia and child of Plaintiff Ahmed Aglan.  Nour Ahmed Mohamed Khalifa Aglan is eligible to immigrate to the United States as a derivative beneficiary should his father be issued an immigrant visa pursuant to his DV-2020 selection.

626.     Plaintiff Ahmed Aglan and his family were invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to his DV-2020 selection.

627.     Plaintiff Ahmed Aglan completed and submitted the documentation for adjudication of their DS-260, Immigrant Visa Application and Alien Registration.

628.     The KCC assigned his the case number 2020AS00024021.

629.     Plaintiff Ahmed Aglan's documents were approved and he awaits an interview. However, due to the Department's sloth and policies suspending adjudication of his case, no interview was ever scheduled.

630.     The adjudication of Plaintiff Ahmed Aglan's application was indefinitely stopped due to the Proclamation that affected the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Plaintiff Evgenia Gavrilova**

631.     Plaintiff Evgenia Gavrilova is a native of Russia and a DV-2020 selectee.

632.     Plaintiff Evgenia Gavrilova was invited to submit a DS-260, Immigrant Visa and Alien Registration Application pursuant to her DV-2020 selection.

633.     Plaintiff Evgenia Gavrilova completed and submitted the

documentation for adjudication of her DS-260, Immigrant Visa Application

and Alien Registration.

634.     The KCC assigned her the case number 2020EU00039871.

635.     Plaintiff Evgenia Gavrilova's documents were approved and he awaits

an interview. However, due to the Department's sloth and policies

suspending adjudication of his case, no interview was ever scheduled.

636.     The adjudication of Plaintiff Evgenia Gavrilova's application was

indefinitely stopped due to the Proclamation that affected the Department's

policies, procedures, and practices suspending adjudications of immigrant

visa applications for DV-2020 program selectees.

637.     Defendant Donald J. Trump is the President of the United States of

America. He is sued in his official capacity.

638.     Defendant United States Department of State is a federal agency of

the United States.

639.     Defendant Michael Pompeo is the Secretary of the United States

Department of State. He is sued in his official capacity.

## JURISDICTION AND VENUE

640.     This Court has jurisdiction over this case pursuant to 28 U.S.C.

§§ 1331 (Federal Question Jurisdiction). This Court has authority to grant

relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory

Judgment Act (28 U.S.C. § 2201), and 5 U.S.C. § 702.

641.    This Court can also compel agency action that is unlawfully withheld

or which is contrary to law, an abuse of discretion, or arbitrary and

capricious. 5 U.S.C. §§ 555(b), 706.

642.    This Court also has jurisdiction to review executive action that is *ultra*

*vires*. *See Chamber of Commerce v. Reich*, 74 F.3d 1322(D.C. Cir. 1996).

643.    Venue in this judicial district is proper under 28 U.S.C. § 1391

(e)(1)(A) because Defendant Trump and Pompeo are acting in their official

capacity as President of the United States and Secretary of State reside in

this District, and pursuant to 28 U.S.C. § 1391(e)(1)(B) due to a substantial

part of the events giving rise to the Plaintiffs' claims originating in this

district.

644.    All administrative remedies have been exhausted by Plaintiffs.

645.    The Doctrine of Consular Non-Reviewability does not apply because

Plaintiffs do not challenge final agency action in this case.  Rather, Plaintiffs

challenge the agency's delay and refusal to act based on the *ultra vires*

actions of the Department of State and its authority to fail to act. *See Patel v.*

*Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

## <u>OVERVIEW OF THE LAW</u>

646.    The Supreme Court in *Trump v. Hawaii*, 138 S. Ct. 2392, 2411

(2018) stated that "[w]e may assume that §1182(f) does not allow the

President to expressly override particular provisions of the INA."

647.    Unlike the ban challenged in *Hawaii*, the presidential proclamation

prohibiting the Plaintiffs from entering the country supplants statutory and

constitutional authority.


## A. Diversity Visa Program

648.    The Immigration Act of 1990 created the Diversity Immigrant Visa

Program. The aim of this new program was to encourage greater Diversity in

the individuals immigrating to the United States, allowing up to 50,000 visas

per year to nationals of countries having low levels of immigration to the

United States historically. Public Law 101-649; 8 U.S.C. § 1153(c).

649.    In accordance with Congressional Mandate, the Department of State

grants approximately 50,000 Diversity Immigrant Visas to individuals from

the earlier mentioned countries sending a lower number of immigrants to the

United States. The individuals are decided through a lottery system. The

lucky individuals are selected and approved to receive these visas who are

then granted admission to the United states as lawful permanent residents.

*See* 8 U.S.C. §§1151(e); 1153(c);

650.    Millions of potential immigrants around the world submit entries during the Diversity Visa Program application period hoping to be selected. Many applicants apply over multiple years without success. Importantly, under 8 USC § 1153(c)(1), an applicant is *only* eligible for admission under the Diversity Visa Program during the fiscal year and period he applied in. *See also* 9 FAM 502.6-2(a) and 502.6-4(b)(3).

651.    The Department of State then randomly selects a number of entrants eligible under the Act for the Diversity immigrant visas for that specific fiscal year.

652.    The Department of State's Kentucky Consular Center ("KCC") administers the Diversity Visa Program, which notifies the State Department's posts of the number of entrants selected in each processing area. *See* 9 FAM 502.6-4(c)(1)(a).

653.    The Department of State maintains a computer-generated master list of all selected entrants. *Id.*

654.    The entrants selected by the Department of State are notified of their selection and assigned a visa case number. *Id.*

655.    However, merely being selected at this stage is not the end of the process. The individuals selected must submit a DS-260, *Immigrant Visa and Alien Registration Application* with requisite supporting documents and

the consular officers review for potential fraud indicators, at which point the

case is considered "documentarily qualified" for purposes of visa

appointment scheduling. *See* 9 FAM 502.6-4(c)(2)(c) and 502.6-4(d)(1)(a),

(b).

656.    According to the Foreign Affairs Manual ("FAM"), once the

individual is considered "documentarily qualified" (i.e. vetted for potential

fraud indicators and confirmed to have all the necessary documentation in

order) the Department of State is to schedule the "documentarily qualified"

individual for an interview at his or her United States Embassy or Consulate.

9 FAM 502.6-4(d)(1)(b).

657.    Indeed, the FAM states at 9 FAM 502.6-4(d)(2) that the Kentucky

Consular Center "**will schedule an appointment for a "documentarily**

**qualified" applicant** when his or her regional lottery rank number is **about**

to be become current." (emphasis added).

658.    Approval of an immigrant visa under the Diversity Visa Program is

not discretionary. The selectee either qualifies or does not qualify. 22 C.F.R.

§ 40.6 states that an officer may only refuse issuing a visa "upon a ground

specifically set out in the law or implementing regulations."


**B. 8 U.S.C. § 1182(f) - Presidential Proclamations**

659.    8 U.S.C. § 1182(f) (Section 212(f) of the Immigration and Nationality Act) allows the President to *temporarily* suspend entry of any class of immigrants or nonimmigrants if he finds that their *entry* would be *detrimental* to the interests of the United States. Because the proclamation refers to entry and mentions 8 U.S.C. § 1182(f), it is clear that the proclamation does not apply to persons in the Diversity Visa program who are adjusting status, as no new entry is required.

660.    Therefore, the President's June 22, 2020 Presidential Proclamation must find that the entry of Plaintiffs "would be detrimental to the interests of the United States." *See* 8 U.S.C. § 1182(f).

661.    If a detrimental interest is identified warranting suspension of entry by a class of immigrants, the President must state the period for which he intends to suspend immigration of these classes. *Id.* There is no provision stating that he may do so indefinitely.

## PLAINTIFFS' FACTUAL ALLEGATIONS

## A. DIVERSITY VISAS ARE CURRENT

662.    It was the will of Congress to increase diversity among the immigration population when they created the Diversity Visa program.

663.    Without the Diversity Visa program, the overall diversity of the

immigrant population would be substantially diminished, which is contrary

to the will of Congress when they created the Diversity Visa program.

664.    A Visa Bulletin for the Diversity Visa program is published every

month by the Department of State, which announces the availability of

immigrant visas in the current fiscal-year's Diversity Visa program.

665.    Where a selected individual's visa shows as current on the bulletin

mentioned above, that individual is entitled to an interview appointment at

his or her Embassy or Consulate. Indeed, the FAM indicates that the

individual should be scheduled for their interview appointment *before* the

visa becomes current.

666.    The Visa Bulletin issued by the U.S. Department of State in July 2020

indicates under its Diversity Immigrant Category that all Plaintiffs are

current and have available immigrant visas. *See Visa Bulletin for July*,

Number 43, Volume X, Department of State, Washington, D.C., available at

https://travel.state.gov/content/travel/en/legal/visa-law0/visa-

bulletin/2020/visa-bulletin-for-july-2020.html/.

667.    The President of the United States has repeatedly called for an end to

the Diversity Visa program, and he is now doing so by Presidential

Proclamation, and appears to be doing so indefinitely, which violates the plain language of 8 U.S.C. § 1182(f).

## B.  PRESIDENTIAL PRETEXT

668.    Although the Presidential Proclamation broadly states that immigrants will have an "impact" on the U.S. labor market, it does not state what that impact would be nor the support an inference of detriment to the labor market with any citation to economic expertise.

669.    Rather, it appears that President Trump's given reason for suspending immigration to Diversity Visa winners is pretextual given his social media stances vehemently denouncing the program.

670.    On November 1, 2017 he equated Diversity Visa immigrants to terrorists:



> **Donald J. Trump** ✔
> @realDonaldTrump
>
> The terrorist came into our country through what is called the "Diversity Visa Lottery Program," a Chuck Schumer beauty. I want merit based.
>
> 7:24 AM · Nov 1, 2017
>
> ♡ 111.6K    💬 60.6K people are Tweeting about this

671.    Minutes later, President Trump tweeted again stating that he was going to be "much tougher" on the Diversity Visa Lottery Program:



672.     On November 2, 2017, President Trump called on Congress to

terminate the Diversity Visa lottery program, stating in the embedded video

that the Diversity Visa Program was "a disaster for our country," and "the

people put in that lottery are not that country's finest," and "it's a very

unsafe program for our country, and w*e are not going to allow it to happen*."

(Emphasis added):





673.    In an address on December 15, 2017, the President stated, "[t]hey

have a lottery. You pick people. Do you think the country is giving us their

best people? No. What kind of system is that? They come in by lottery. They

give us their worst people, they put them in a bin, but in his hand, when he's

picking them is, really, the worst of the worst. Congratulations, you're going

to the United States. Okay. What a system—lottery system. We're calling

for Congress . . . to end the visa lottery system."[8]

674.    On December 29, 2017, the President tweeted again, this time calling

the Lottery System of Immigration "ridiculous.":

---

[8] WHITE HOUSE, *Remarks by President Trump at FBI National Academy Graduation Ceremony*, December 15, 2017, https://www.whitehouse.gov/briefings-statements/remarks-president-trump-fbi-national-academy-graduation-ceremony/ (Last Accessed July 16, 2020)



675.    Again, on January 4, 2018, the President called for the end of the

Diversity Visa Program stating that it was "unsafe and unfair," far before the

present pandemic and the turn of the economy:



676.    On January 16, 2018, the President of the United States implied that

Diversity Visa Program immigrants were "dangerous.":



677.     In an address on February 14, 2020, President Trump stated, "[a]nd then you have the lottery. It's a horror show, because when counties put people into the lottery, they're not putting you in; they're putting some very bad people in the lottery. It's common sense. If I ran a country, and if I have a lottery system of people going to the United States, I'm not going to put in my stars; I'm going to put in people I don't want."[9]

678.     On July 29, 2018, the President of the United States stated that he was "willing to 'shut down' the government" if Congress did not get rid of the Diversity Visa Program.:

---

[9] AP News, *AP Fact Check: Trump spins fiction about Diversity Visas*, February 18, 2019, https://apnews.com/56e8c95dab1345bbac9d065eaa1b8152 (Last Accessed July 16, 2020).



679.     At a campaign rally on August 1, 2019, President Trump said of the

Diversity Visa Program, "And you pick people out of the lottery. Well let's

see, this one is a murderer, this one robbed four banks, this one I better not

say, this one another murderer, ladies and gentleman, another murderer. Do

you think [countries] are going to put their great citizens . . . into a lottery?

No. . . . . Look at the people they put into these lotteries. It's a disgrace."[10]

680.     As is demonstrated above, it is President Trump's ultimate goal to end

the Diversity Visa Program by any means possible. When Congress would

not do it for him, he used the Coronavirus pandemic as a weapon and pretext

to exclude these immigrants, the Plaintiffs.

### A. Department of State Actions

---

[10] REV, *Donald Trump Cincinnati Rally Speech Transcript: Full Transcript of August 1, 2019 Rally in Cincinnati, Ohio*, August 1, 2019, https://www.rev.com/blog/transcripts/donald-trump-ohio-rally-speech-transcript-full-transcript-of-august-1-2019-rally-in-cincinnati (Last Accessed July 16, 2020).

681.    In a FAQ prepared by the U.S. Department of State, the Department

acknowledges that the June 22, 2020 Proclamation applies to Diversity Visa

applicants.



682.    The Department of State further acknowledged that DV-2020

applicants must obtain their visa or adjust status by September 30, 2020, and

that there will be no carry over for DV-2020 applicants if they are unable to

obtain their visas (even through no fault of their own) prior to the above

date.



683.    In random responses to questions on Twitter, the Department of State

affirmatively and incorrectly states that the Proclamation suspends the

*issuance* of Diversity Visas, and that they will not issue any Diversity Visas

while the Proclamation is in place.



684.    The Department of State indicated that it will not issue Diversity

Visas even for DV-2020 applicants who attended their interviews, paid, and

passed the interview, but have not received a visa.





685.     Despite indicating that persons unable to travel to the U.S. even with

valid immigrant visas at the time of the Proclamation should contact their

embassies, the Department of State has failed to reissue new visas to

Diversity Visa holders who had approved visas prior to the proclamation's

issuance, but who were unable to enter the United States due to the

Coronavirus epidemic.

686.     On July 16, 2020, the Department of State stated, "Applicants for

immigrant visas covered by the proclamation, including  Diversity Visa

2020 (DV-2020) applicants, who have not been issued an immigrant visa as

of April 23 are subject to the proclamation's restrictions unless eligible for

an exception.  No valid visas will be revoked under this proclamation."[11]

---

[11] U.S. Department of State, *Exceptions to Presidential Proclamations (10014 & 10052) Suspending the Entry of Immigrants and Nonimmigrants Presenting a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak*, July 16, 2020, https://travel.state.gov/content/travel/en/News/visas-news/exceptions-to-p-p-10014-10052-suspending-entry-of-immigrants-non-immigrants-presenting-risk-to-us-labor-market-during-economic-recovery.html (Last Accessed July 16, 2020).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (Unlawful Proclamation Pursuant to 8 U.S.C. § 1182(f))

687.     Plaintiffs repeat and reallege the averments stated above as though restated here.

688.     The President's June 22, 2020 Presidential Proclamation broadly states, without citation to any authority, that the entry of all immigrants and non-immigrants affected by this proclamation  would be detrimental to the interests of the United States because they would have  an "impact" on the United States labor market. The Presidential proclamation does not state what that "impact" would be and does not provide the requisite analysis as to why that impact would be detrimental to the United States.

689.     Although 8 U.S.C. § 1182(f) bestows broad authority on the President to suspend certain classes of aliens, the language clearly states that the President must *find* a detriment, not broadly claim an "impact," as he does in his June 22, 2020 filing.

690.     In addition, the Plaintiffs, unlike the other classes listed in the immigration ban, are not foreign nationals seeking employment in the United States.  They are Diversity Visa Program selectees,  and are therefore not a threat to U.S. workers or the labor market.  Rather, they would actually

be lawful permanent residents upon admission, and thus themselves would

be "U.S. Workers." 8 U.S.C. § 1153(c); 8 U.S.C. § 1255.

691.     The President's social media history proves his animus towards the

Diversity Visa program as highlighted above, thereby calling any finding of

detriment made by the President into question as pretextual. The President

cites to no economic data justifying his immigration ban against Plaintiffs.

In addition, the immigration ban does not apply to those seeking Diversity

Visas within the United States, so any claimed impact has to be viewed with

extreme suspicion since the ban only bars Diversity Visa applicants *outside*

the United States.

692.     The President's new immigration ban also includes persons

accompanying or following to join the principal immigrant, including minor

children, who would by no means compete with U.S. workers nor have any

detrimental effect on the U.S. labor market.

693.     In addition, the President's Proclamation is indefinite in nature, which

exceeds the scope and power provided to him by 8 U.S.C. § 1182(f).

Although the Proclamation states that it will expire on December 31, 2020, it

further states that it "may be continued as necessary."

694.     At first glance, this may seem to comply with the language of the

statute. However, when considered together with the first proclamation it is

clear that the President intends to indefinitely continue the suspension of immigration for Plaintiffs. The previous proclamation, which was made in April 2020, was set to expire in June 2020. The newest proclamation extends the suspension on Plaintiffs ability to immigrate until December 2020. The Proclamation has rendered no analysis to show that Plaintiffs are a threat to the labor market, and many studies on immigrants would suggest that the opposite is true. Therefore, President Trump is unable to show that this extension was "necessary," and it appears that he intends to extend it indefinitely, particularly if reelected.

695.     The notion that this immigration ban is actually one of permanence is further supported by the fact that President Trump's administration has *never* ended any of the many similar immigration bans imposed under 8 U.S.C. § 1182(f) that were previously issued. All remain in existence.

696.     This Court should find that President Trump's April 22, 2020 and June 22, 2020 Presidential Proclamations violate 8 U.S.C. § 1182(f).

## SECOND CAUSE OF ACTION

**(Arbitrary and Capricious Actions and Abuse of Discretion in Violation of the Administrative Procedures Act (5 U.S.C. § 706(2)(A))**

697.     Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

698.    Pursuant to 5 U.S.C. § 701(b)(1), the Department of State is subject to the Administrative Procedure Act ("APA").

699.    This Court may review and set aside all relevant questions of law regarding agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court may further review and set aside actions in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (C), (D).

700.    The implementation by the Department of State of the President's June 2020 Proclamation suspending the ability of Diversity Visa immigrants and applicants to immigrate to the United States constitutes final agency action, which is reviewable by this Court pursuant to the APA.

701.    The agency actions of suspending the adjudication of immigrant visas for the Diversity Visa Program is arbitrary and capricious and abuses agency discretion because the Department of State lacked authority to suspend adjudications of immigrant visas for the Diversity Visa program.

702.    The agency actions of suspending issuance of immigrant visas or reissuance of the same for the Diversity Visa Program is arbitrary and capricious and abuses agency discretion because the Department of State

lacked the authority to suspend issuance or reissuance of immigrant visas for the Diversity Visa Program.

703.     The Presidential proclamations that limit the *entry* of immigrants to the United States do *not* limit the issuance of visas or adjudication of cases in the Diversity Visa Program.

704.     As such, this Court should order the Department of State to resume issuing and reissuing visas to Plaintiffs and resume adjudication of all Diversity Visa selectees prior to the September 30, 2020 deadline, and in an expedited manner to ensure applications are adjudicated before the deadline.

## THIRD CAUSE OF ACTION

**(Agency Failure to Observe Procedure Required by Law in Violation of the Administrative Procedures Act (5 U.S.C. § 706(2)(D))**

705.     Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

706.      The APA requires the Department of State to follow notice-and-comment rulemaking procedures to promulgate substantive rules. 5 U.S.C. § 553.

707.     The Department of State was not allowed to suspend issuance of visas or adjudication of cases for the Diversity Visa Program without giving notice and providing opportunity to comment. 5 U.S.C. § 558(c).

708.    The Department of State did not follow notice-and-comment rulemaking procedures.

709.    In suspending issuance or reissuance visas or continue to adjudicate cases, the Department of State violated the APA's requirement to follow notice-and-comment rulemaking procedures, and this court has authority to compel this unlawfully withheld action. 5 U.S.C. § 706(1).

## FOURTH CAUSE OF ACTION
### (Non-Statutory Action for *Ultra Vires* Conduct)

710.    Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

711.    The Presidential Proclamations issued on April 22, 2020 and June 22, 2020 were issued outside of the jurisdictional limitations of the INA.

712.    The Proclamation's suspension and limitation of the entry of foreign nationals arriving to the United States through the Diversity Visa Program constitutes an *ultra vires* attempt to regulate the domestic economy.

713.    The Department of State's expansion of the Proclamation's suspension on the entry of Plaintiffs to the issuance and reissuance of visas and the adjudication of applications constitutes an *ultra vires* action and is contrary to the INA.

714.    As such, this Court should order the Department of State to resume

issuing and reissuing visas to Plaintiffs and resume adjudication of all

Diversity Visa selectees prior to the September 30, 2020 deadline.

## FIFTH CAUSE OF ACTION

**(Agency Action Unlawfully Withheld in Violation of the Administrative
Procedures Act (5 U.S.C. § 555(b); 5 U.S.C. § 706(1))**

715.    Plaintiffs repeat and reallege the averments in all preceding

paragraphs of this complaint.

716.    The Department of State has withheld from acting on Plaintiffs' cases

without authority to do so. Actions which are *ultra vires* to the INA.

717.    Because the Proclamation is *ultra vires* and because the State

Department's application of the proclamation is *ultra vires*, their suspension

of adjudication and issuance of visas constitutes unlawfully withheld action,

which can be compelled by this Court under 5 U.S.C. § 706(1).

718.     The Department of State has a nondiscretionary duty to "conclude a

matter presented to it . . . within a reasonable time." 5 U.S.C. § 555(b).

719.    The Department of State has failed to adjudicate and issue visas for

the Diversity Visa program selectees (the Plaintiffs) and their derivative

beneficiaries within a reasonable time.

720.    The Department of State's actions in suspending issuance and

reissuance of visas as well as for adjudication of the 2020 Diversity Visa

program participants have been effect since at least March 2020.

721.    There are just over 2 months left for the Department of State to

adjudicate cases prior to the end of the Fiscal Year (September 30, 2020) for

the 2020 Diversity Visa program.

722.    If the agency is allowed to continue the *ultra vires* and unlawful

suspensions past the September 30, 2020 deadline, Plaintiffs will be barred

from obtaining visas for the 2020 Diversity Visa program and will be forced

to enter the lottery again, likely never to again be selected.

723.    With just over two months remaining in the program, the Department

of State has clearly failed to conclude the matter within a reasonable time,

even in light of the Coronavirus pandemic.  Many of Plaintiffs have already

been interviewed, and thus any agency action does not require them to

"open" to the public.

724.    As such, this Court should order the Department of State to resume

issuing and reissuing visas to Plaintiffs and resume adjudication of all

Diversity Visa selectees prior to the September 30, 2020 deadline and to

adjudicate the same in an expedited manner as necessary to complete

processing prior to September 30, 2020.

## SIXTH CAUSE OF ACTION

### (Violation of the Take Care Clause of the U.S. Const., Art. II, § 3, Cl. 5)

725.     Plaintiffs repeat and reallege the averments in all preceding

paragraphs of this complaint.

726.     The Department of State's actions violate the President's

Constitutional duty to "take care that the laws be faithfully executed." U.S.

Const. Art. II § 3, Cl. 5.

727.     The President's invocations of dispensing power are judicially

enforceable. *See e.g., Angelus Milling Co. V. Comm'r of Internal Revenue*,

325 U.S. 293, 296 (1945).

728.     The Take Care Clause imposes upon the president a mandate to

respect the work and role of Congress.

729.     Congress made its intent clear in the INA regarding the adjudication

and issuance of visas for the Diversity Visa program. Therefore, the State

Department's unlawful and *ultra vires* suspension of and untimely

adjudication of cases and issuance or reissuance of visas is "unfaithful" to

the INA, and thus an invalid action under the Take Care Clause.  See 8

U.S.C. § 1201(a)

## SEVENTH CAUSE OF ACTION

### (Violation of the Due Process Clause of the U.S. Const, Amend. V)

730.    Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

731.    Plaintiffs have a cognizable due process right.

732.    Because the Department of State has not provided any notice or meaningful opportunity to comment on its application of the Presidential Proclamations, the Department of State's refusal to issue or reissue visas or adjudicate applications is an unconstitutional violation of the due process clause.

## EIGTH CAUSE OF ACTION

### (Violation of the Equal Protection Clause of the U.S. Const, Amend. V)

733.    Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

734.    Defendants' refusal to issue visas to immigrants in the Diversity Visa program who consular process from abroad while simultaneously continuing to issue visas to immigrants in the Diversity Visa program *inside* the United States (through adjustment of status) constitutes a violation of the Equal Protection Clause of the United States, because it causes a disparate impact on the Plaintiffs and is not made with a rational basis.

735.    Those individuals who receive their Diversity Visas from *inside* the United States are just as likely to enter the labor pool as those participating

in the program *outside* the United States. Therefore, not only does President Trump's pretextual and extremely vague finding of "impact" on the labor market not hold water because of his preexisting animus toward the Diversity Visa program, it also violates the Constitution in that two groups within the same program are treated disparately without a rational basis for treating them differently.

736.    Thus, this Court should declare as unconstitutional the disparate treatment of Plaintiffs and order Defendants to adjudicate their claims, issue visas, and allow their admission into the United States.

## RESERVATION OF RIGHTS

737.    Plaintiffs reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Enjoin the Department of State from suspending issuance and reissuance of visas for the Diversity Visa Program and from otherwise suspending the adjudication of Diversity Visa Program cases.

(3) Order the immediate entry of Plaintiffs who have been denied entry despite having a validly issued Diversity Visas;

(4) Order the immediate reissuance of visa stamps to Plaintiffs whose visas have expired due to their not being able to enter the United States during the Coronavirus pandemic;

(5) Order the immediate issuance of visa stamps to Plaintiffs who have been approved but who have not received their visa stamps;

(6) Order the immediate rescheduling of interviews for Plaintiffs who have submitted the required documentation and who either had their interviews cancelled or who are waiting on new interviews, and that if approved visas for these Plaintiffs will be expeditiously issued; and

(7) Order that all of the above shall be done prior to the expiry of the Diversity Visa-2020 program on September 30, 2020.

(8) Alternatively, in equity, extend the validity period of the Diversity Visa-2020 selectees to September 30, 2021.

(9) Award Plaintiffs costs of suit and reasonable attorney's fees under the

Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law;

and

(10) Enter all necessary writs, injunctions, and orders as justice and

equity require.

(11) Grant such further relief as this Court deems just and proper.

Respectfully Submitted this the 16th day of July, 2020,

Charles H. Kuck
Phillip C. Kuck
Danielle M. Claffey


s/Charles H. Kuck
CHARLES H. KUCK
Kuck Baxter Immigration, LLC
Bar No. 429940
365 Northridge Rd, Suite 300
Atlanta, GA 30350
404.816.8611
ckuck@immigration.net

Greg Siskind
Siskind Susser PC
1028 Oakhaven Rd.
Memphis, TN 39118

Jeff D. Joseph
Joseph & Hall P.C.
12203 East Second Avenue
Aurora, CO 80011

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS** was served by certified mail, on:

Donald J. Trump
President of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Michael Pompeo
Secretary, U.S. Department of State
c/o The Executive Office
Office of the Legal Advisor, Suite 5.600
600 19th St NW, Washington, D.C. 20522

Michael Sherwin, Acting U.S. Attorney
The United States Attorney's Office, District of Colombia
555 4th St NW,
Washington, DC 20530

KUCK BAXTER IMMIGRATION LLC,

/s/ Charles H. Kuck

Charles H. Kuck, Esq.
GA Bar Number: 429940
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615

127