UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AFSIN AKER, et al.,**<br><br>    **Plaintiffs,**<br><br>         v.<br><br>**DONALD J. TRUMP,**<br>**President of the United States of America,**<br>**et al.,**<br><br>    **Defendants.** | Civil Action No. 20-1926 (JDB) |

## ORDER

Plaintiffs are 149 candidates for Diversity Visas and their derivative beneficiaries, who challenge the implementation of Presidential Proclamations 10014 and 10052, which the Department of State allegedly has interpreted to bar the processing and issuing of Diversity Visas. See First Am. Compl. for Declaratory & Injunctive Relief & for Writ of Mandamus [ECF No. 3] ¶¶ 1–19. Before the Court are defendants' motions to reassign and for transfer of this case. See Defs.' Notice of Related Case & Mots. to Reassign & for Transfer of This Case ("Defs.' Mot.") [ECF No. 7] at 1. Defendants argue that this case "involve[s] common issues of fact, grow[s] out of the same event or transaction, and involve[s] the same parties and relate[s] to the same subject matter" as three other previously filed cases: Nguyen v. U.S. Department of Homeland Security, No. 20-cv-718 (D.D.C. filed Mar. 12, 2020); Gomez v. Trump, No. 20-cv-1419 (D.D.C. filed May 28, 2020); and Mohammed v. Pompeo, No. 20-cv-1856 (D.D.C. filed July 9, 2020). Defs.' Mot. at 1 (internal citations omitted). The two earliest cases, Nguyen and Gomez, were both directly assigned to Judge Mehta, and just yesterday, Judge Mehta determined that Mohammed was related to Gomez. See Order, Mohammed v. Pompeo, Case No. 20-cv-1856 (APM), at *1–2 (D.D.C.

Aug. 3, 2020). The Court concludes that this case, too, is related to Gomez and, for the reasons explained below, will grant defendants' motion to transfer.[1]

"Civil cases 'are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent.'" Autumn Journey House, Inc. v. Sebelius, 753 F. Supp. 2d 135, 139–40 (D.D.C. 2010) (quoting LCvR 40.5(a)(3)). Under Local Rule 40.5(c)(2), "[w]here the existence of related cases . . . is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." LCvR 40.5(c)(2). Likewise, objections to such designations "shall be determined by the judge to whom the case is assigned" (i.e., the judge with the later-numbered case). LCvR 40.5(c)(3).

Following the standards set out in Local Rule 40.5, the Court concludes that the present litigation is related to Gomez. The two cases involve similarly situated plaintiffs (eligible applicants for the 2020 Diversity Visa program), overlapping defendants (President Trump and Secretary of State Pompeo), parallel claims (challenges to Presidential Proclamations 10014 and 10052 based on the Administrative Procedure Act and on their being ultra vires Executive actions), and many of the same requested forms of relief (injunctive relief requiring officials to continue processing Diversity Visas). Hence, each case "grow[s] out of the same event" and "involve[s] common issues of fact." LCvR 40.5(a)(3).

Plaintiffs' objections to these cases' relatedness are unpersuasive. First, plaintiffs contest this designation, arguing that Gomez is unrelated "because it challenges the Presidential

---

[1] The Court focuses its discussion on Gomez, which includes claims by applicants under the Diversity Visa program, see First Am. Compl., Gomez v. Trump, Civil Action No. 1:20-cv-014919 (D.D.C. July 17, 2020), ECF No. 46 ¶¶ 1–4, 24–20, but acknowledges that claims relating to the Diversity Visa program appear to have been dropped from the Second Amended Complaint in Nguyen, see generally Second Am. Compl., No. 1:20-cv-718 (APM) (D.D.C. July 14, 2020), ECF No. 28. Because the Court concludes that this case is related to Gomez, however, it need not consider its relatedness to Nguyen.

Proclamations at large and includes the full spectrum of plaintiffs who are subject to the travel ban, not just DV selectees." Pls.' Opp'n to Defs.' Mots. to Reassign & for Transfer of This Case ("Pls.' Oppn") [ECF No. 11] at 4. But a case "need not present entirely identical factual issues and legal claims to be sufficiently related." Comm. on Judiciary v. McGahn, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). Here, both cases involve candidates for a Diversity Visa, raise APA and ultra vires challenges to the same Presidential Proclamations, and include claims for similar injunctive relief. Thus, even if each case has separate legal and remedial issues beyond these shared concerns, allowing one judge to consider both cases still improves judicial economy.

Plaintiffs next contend that the fact that both cases arise from Presidential Proclamations 10014 and 10052 does not necessarily mean that they arise out of the "same event or transaction," LCvR 40.5(a)(3), because considering "related" all cases touching on "the same sweeping Proclamation" would undermine the general rule that "all new cases filed in this courthouse are randomly assigned," Singh v. McConville, 187 F. Supp. 3d 152, 154 (D.D.C. 2016). See Pls.' Opp'n at 4–5. But the similarity of these cases does not stop at the fact that both relate to the same two Presidential Proclamations; as noted above, they involve similar plaintiffs, defendants, claims, and requests for relief. Moreover, given that plaintiffs themselves have argued that this case is related to Mohammed, see Notice of Designation of Related Civil Case [ECF No. 13] at 1, which is now before Judge Mehta, it seems that plaintiffs themselves agree that at least some efficiency will be gained by the transfer.

Finally, plaintiffs warn that the pending motion for a temporary restraining order in this case would somehow "be eviscerated if forced to join a case challenging every single aspect of the Proclamations, especially given the short time frame under which Plaintiffs are operating." Pls.' Opp'n at 5. Although it is true that plaintiffs' motion for a temporary restraining order may require swift action, their argument that its pendency makes the case ill-suited for transfer to Judge Mehta is unpersuasive. Indeed, if anything, Judge Mehta is better situated to address questions stemming

from these Presidential Proclamations, as he has already been considering the legal implications of these Executive actions since Nguyen was filed in March and Gomez in May. This Court was assigned to this case only two weeks ago. And, in any event, transferring this case will in no way materially delay the resolution of the pending motion; transfer is a straightforward administrative process that will allow for the ready adjudication of this motion.

In light of the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that defendants' motions to reassign and for transfer of this case are **GRANTED**; and it is further

**ORDERED** that this case will be transferred to the Calendar and Case Management Committee for reassignment to Judge Mehta.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  August 4, 2020